# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

March 9, 2012

No. 11-30669

Lyle W. Cayce
Clerk

RAIN CII CARBON, LLC,

Plaintiff - Appellee

v.

CONOCOPHILLIPS COMPANY,

Defendant - Appellant

Appeals from the United States District Court
of the Eastern District of Louisiana

Before STEWART, CLEMENT, and GRAVES, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Defendant-Appellant ConocoPhillips Company ("Conoco" or "COP") appeals the district court's judgment confirming an arbitration award favorable to Plaintiff-Appellee Rain CII Carbon, LLC ("Rain").  We AFFIRM.

**I.**

Conoco and Rain are parties to a long-term supply agreement, whereby Conoco agreed to sell all green anode coke produced at its Alliance refinery from August 2005 to December 2015 to Rain.  The 2005 agreement includes a complex formula for capturing the market price of green coke.  The agreement further provides that if a party reasonably concludes that the contract formula no longer

No. 11-30669

yields market price, the party may reopen price negotiations. If such negotiations prove unfruitful, the matter would be submitted to a "baseball" arbitration, whereby each party submits a proposal and the arbitrator selects one of the two.

In 2008, Conoco reopened market price negotiations. After being unable to reach an agreement, Conoco submitted the matter to arbitration. The parties requested a "reasoned" award in their joint proposed scheduling order. An evidentiary hearing was held in September 2010, and each party submitted a price formula proposal. In December 2010, the arbitrator requested that the parties submit draft awards, which were submitted on February 3, 2011.

On March 7, 2011, the arbitrator awarded $17,702,585.33 to Rain. In the eight-page award, the arbitrator set forth the contentions of the parties before adopting Rain's price formula, which was the formula contained in the initial agreement. The award stated:

> Based upon the testimony, exhibits, arguments, and submissions presented to me in this matter, I find that the price formula contained in Section 4 of the Green Anode Coke Sales Agreement dated August 23, 2005, as amended January, 2007, and July, 2008, shall remain in effect for the balance of the term as stated in the contract.

The arbitrator used Conoco's draft award as the template for his award. Two brief paragraphs from Conoco's draft award were included in the arbitrator's award:

> Applying the replacement formula from April 1, 2008 until March 31, 2009 results in an increased payment by Rain CII to COP of $6,920,234.07. Offsetting the amount of the true up COP owes Rain CII results in a net payment owed by Rain CII to COP in the amount of $1,357,480.82.

and

> Applying the contractual rate of interest to the outstanding amount for the number from April 1, 2009 to February 3, 2011

No. 11-30669

results in the sum of $214,984.96.

On March 25, 2011, Rain filed a motion requesting that the arbitrator correct these two inconsistencies.  On April 18, 2011, the arbitrator granted Rain's motion, identified the "inadvertently included sentences" as clerical errors, and removed them from the final award.

In the district court, Conoco moved to vacate the award.  On June 27, 2011, the district court denied the motion to vacate the award, and granted Rain's motion to confirm the award.  This appeal followed.

## II.

"In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (internal quotation marks omitted).  "We review a district court's confirmation of an award de novo, but the review of the underlying award is exceedingly deferential." *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007) (internal quotation marks omitted).  This court's de novo review "is intended to reinforce the strong deference due an arbitrative tribunal." *Brook*, 294 F.3d at 672 (internal quotation marks omitted).  "An award may not be set aside for a mere mistake of fact or law." *Apache*, 480 F.3d at 401.

"Section 10 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ('FAA'), provides 'the only grounds upon which a reviewing court may vacate an arbitrative award.'" *Brook*, 294 F.3d at 672 (quoting *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817, 820 (5th Cir. 1993)).  "Section 10 allows vacatur, *inter alia*, '[w]here the arbitrators exceeded their powers . . . .'" *Id.* (quoting 9 U.S.C. § 10(a)(4)).

"Arbitration is a matter of contract." *Id.*  "Where arbitrators act 'contrary to express contractual provisions,' they have exceeded their powers." *Apache*, 480 F.3d at 401 (quoting *Delta Queen Steamboat Co. v. AFL-CIO*, 889 F.2d 599,

3

No. 11-30669

604 (5th Cir. 1989)). "If the contract creates a plain limitation on the authority of an arbitrator, we will vacate an award that ignores the limitation." *Id.* "[L]imitations on an arbitrator's authority must be plain and unambiguous . . . ." *Id.* at 404. "A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration." *Brook*, 294 F.3d at 672.

### III.

In this case, Conoco asserts that the arbitrator exceeded his powers in two ways: failing to select only one proposal, per the parties' baseball arbitration agreement; and failing to render a reasoned award. These matters will be addressed in turn.

### A.

The parties' "Green Anode Coke Sales Agreement" provided that if a dispute arose regarding the proper formula to yield market price for green coke, the dispute would be resolved by baseball arbitration:

> [U]pon declaration of an impasse by either party, the matter shall be submitted to arbitration as provided in section 19, provided that each party shall submit to the arbitrator one replacement mechanism for determining the price of Green Anode Coke to be supplied under this Agreement and the arbitrator shall be required to select from the two proposed mechanisms that one which, in the judgment of the arbitrator, is more likely to yield a market level price for Green Anode Coke to be supplied under this Agreement for the balance of the term then in effect.

Section 19 of the agreement clarified the arbitration procedure:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules in effect at the time such arbitration is commenced, and judgment on the Award rendered by the arbitration may be entered in any court having jurisdiction thereof.

Conoco asserts that the arbitrator exceeded his powers by using parts of both proposals in his award, rather than selecting only one proposed mechanism

4

No. 11-30669

as required by the contract.  As evidenced above, the AAA Commercial Rules were incorporated into the 2005 agreement.  Commercial Arbitration Rule 46 provides: "Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided."    AAA  Commercial  Arbitration  Rule  46,  *available  at* http://www.adr.org/sp.asp?id=22440.

In the instant case, the arbitrator, upon motion by Rain, removed the two provisions derived from Conoco's proposed draft award from his final award, identifying the inadvertently included sentences as clerical errors.  However, despite the arbitrator's correction and reason given, Conoco insists that the arbitrator did not choose one proposal as required by the contract, and that the inclusion of the paragraphs was not a clerical error.  Conoco has cited to no case holding that an arbitrator's correction of an award for clerical errors was not genuine or credible.  Given the considerable deference afforded arbitration awards, Conoco's argument that the arbitrator exceeded his powers by failing to select only one proposal, which relies on paragraphs stricken from the final award in accordance with the Commercial Rules, must fail.

**B.**

Conoco disputes that the award rendered by the arbitrator was a "reasoned" award.  The only description of a reasoned award in this circuit was rendered in a footnote.  *See Sarofim v. Trust Co. of the W.*, 440 F.3d 213, 215 n.1 (5th Cir. 2006) ("'[A] reasoned award is something short of findings and conclusions but more than a simple result.'" (quoting *Holden v. Deloitte & Touche LLP*, 390 F. Supp. 2d 752, 780 (N. D. Ill. 2005))).

In *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836 (11th Cir. 2011), the Eleventh Circuit reversed a district court's vacatur of an arbitration award on

5

the ground that the award was not reasoned.  The court acknowledged that courts have generally been reluctant to vacate awards challenged on the grounds that their form was improper.  *Cat Charter*, 646 F.3d at 842 n.12.  The court reasoned:

> Generally, an arbitrator need not explain her decision; thus, in a typical arbitration where no specific form of award is requested, arbitrators may provide a "standard award" and simply announce a result. . . . At the other end of the spectrum, the Arbitration Rules allow parties to request that the arbitrators make "findings of fact and conclusions of law," a relatively exacting standard familiar to the federal courts.
> Logically, the varying forms of awards may be considered along a "spectrum of increasingly reasoned awards," with a "standard award" requiring the least explanation and "findings of fact and conclusions of law" requiring the most. . . . [T]herefore, a "reasoned award is something short of findings and conclusions but more than a simple result."  *Sarofim*[, 440 F.3d at 215 n. 1] (citations and internal quotation marks omitted).

*Id.* at 844 (internal citations omitted).  The court concluded:

> We decline to narrowly interpret what constitutes a reasoned award to overturn an otherwise apparently seamless proceeding. The parties received precisely what they bargained for- a speedy, fair resolution of a discrete controversy by an impartial panel of arbitrators skilled in the relevant areas of the law. To vacate the Award and remand for an entirely new proceeding would insufficiently respect the value of arbitration and inject the courts further into the arbitration process than Congress has mandated.

*Id.* at 846.

Likewise, in *Green v. Ameritech Corp.*, 200 F.3d 967 (6th Cir. 2000), the Sixth Circuit reversed a district court's vacatur of a six-page arbitration award, which the district court had determined failed to comply with a provision of the arbitration agreement requiring that the arbitrator "explain" his decision.  The court reasoned that "although the arbitrator's opinion was minimal, it was nevertheless adequate to satisfy the terms of the agreement."  *Green*, 200 F.3d

at 970. "If parties to an arbitration agreement wish a more detailed arbitral opinion, they should clearly state in the agreement the degree of specificity required." *Id.* at 976.

Conoco largely relies on a Ninth Circuit opinion vacating an arbitration award. *See W. Employers Ins. Co. v. Jefferies & Co.*, 958 F.2d 258 (9th Cir. 1992). That case, however, is factually distinguishable from the present case. In *Jefferies*, the parties had agreed that a statement of findings of fact and conclusions of law would accompany the arbitration award. The final award included no such findings of fact or conclusions of law. Accordingly, the court concluded that "[b]y failing to provide Western with findings of fact and conclusions of law, the [] panel clearly failed to arbitrate the dispute according to the terms of the arbitration agreement." *Id.* at 262.

In contrast, the parties in the present case did not request findings of fact and conclusions of law, an exhaustive standard familiar to the courts; rather, they agreed to a reasoned award, without further elaboration. Additionally, it is clear that, in eight pages, the arbitrator rendered more than a standard award, which would be a mere announcement of his decision. Thus, the remaining question is whether the arbitrator's award is sufficiently more than a standard award so as to be a reasoned award.

Given the deference employed when evaluating arbitral awards, and as all doubts implicated by an award must be resolved in favor of the arbitration, the award in this case is sufficient to withstand Conoco's request for vacatur. Conoco's argument against the award hinges on the summary nature of the arbitrator's statement that, based upon all of the evidence, he found that the initial price formula should remain in effect. Conoco ignores that the preceding paragraph thoroughly delineates Rain's contention that Conoco had failed to show that the initial formula failed to yield market price, a contention that the arbitrator obviously accepted. Conoco would have this court vacate the

arbitration award merely because the arbitrator did not reiterate this reason in the following paragraph. Such a narrow approach is inconsistent with the deference owed to arbitral awards and the congressional policy favoring arbitration of commercial disputes, and is also contrary to the interest of finality.

As stated in *Green*, if Conoco wanted a more thorough discussion of why the arbitrator reached the decision he did, it could have contracted for an award to include findings of fact and conclusions of law. Instead, the parties agreed to a reasoned award, which, according to our case law, is more than a simple result. In eight pages, the arbitrator laid out the facts, described the contentions of the parties, and decided which of the two proposals should prevail. It is, at the very least, doubtful that the award is not more than a simple result. Accordingly, vacatur is not appropriate and the award must be enforced.

## IV.

For the foregoing reasons, we AFFIRM the district court's judgment.