# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2012

No. 11-20661

Lyle W. Cayce
Clerk

FRONTERA EASTERN GEORGIA, LIMITED,

Plaintiff - Appellee

v.

ARAR, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1492

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[*]

ARAR, Incorporated ("ARAR") appeals from the district court's confirmation of an arbitration award in favor of Frontera Eastern Georgia, Limited ("Frontera") and dismissal of its counterclaim for money had and received. Having heard the parties' arguments and studied their briefs and the relevant case law, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20661

I.

Frontera initiated arbitration after a dispute arose between the parties related to their drilling contract. The parties selected and confirmed a three-member arbitral panel (the "panel"), and a merits hearing was scheduled for December 2008. Mere days before the hearing, the parties negotiated and executed a Settlement Agreement,[1] the terms of which called for ARAR to make an immediate $300,000 payment, followed by $950,000 (plus interest) in installment payments over a period of twelve months beginning in January 2009. ARAR also was required to obtain a $500,000 irrevocable letter of credit in favor of Frontera by January 15, 2009. Its failure to do so entitled Frontera, under Section 5(i) of the Settlement Agreement, to submit a Final Award by Consent ("Final Award") in the amount of $1.25 million, plus certain expenses, which the panel "shall issue," if requested, in the form attached to the Settlement Agreement as Exhibit B.

ARAR timely made the $300,000 payment. It failed, however, to obtain the letter of credit by January 15, 2009, or at any point thereafter. Although Frontera warned ARAR that its noncompliance entitled Frontera to seek entry of the Final Award, Frontera accepted ARAR's installment payments through July 2009. By that point, ARAR had made payments totaling approximately $900,000. ARAR missed the August and September 2009 installment payments, prompting Frontera to request entry of the Final Award from the panel under the terms of Section 5(i), despite the fact that the unpaid installments only totaled approximately $400,000.

---

[1] The Settlement Agreement also was executed by: (1) ARAR Petrol ve Gaz Arama Uretim Paz A.S. ("ARAR Turkey"), a joint stock company organized under the laws of Turkey with principal offices in Turkey; and (2) Fatih Alpay, a citizen of Turkey, who conducts business in Texas. Alpay is the president and controlling shareholder of ARAR, as well as chairman of the board of directors and controlling shareholder of ARAR Turkey.

No. 11-20661

ARAR objected to the panel's entry of the Final Award, arguing, *inter alia*, that the panel lacked jurisdiction to enter the Final Award because the parties had failed to comply with a mediation provision in the Settlement Agreement and that ARAR should be awarded an offset in the amount of the Final Award for payments it had made to Frontera. The panel, at ARAR's urging, convened a hearing on March 25, 2010 to hear the parties' arguments on the disputed issues.

On April 19, 2010, the panel issued the Final Award, in which it ordered ARAR to pay Frontera $1.25 million, plus certain expenses.[2] The panel overruled ARAR's jurisdictional objection and determined that neither the language of the Settlement Agreement nor Texas law required that an offset in the amount of the Final Award be given for ARAR's payments to Frontera.

Frontera filed suit in federal district court on April 29, 2010 to confirm and enforce the Final Award under 9 U.S.C. § 9.[3] ARAR answered and counterclaimed for, *inter alia*, vacatur of the award under 9 U.S.C. § 10,[4] and money had and received. The district court confirmed the panel's Final Award in its entirety and dismissed ARAR's counterclaims and affirmative defenses. The district court held that the panel did not exceed its authority in deciding: (1) that it had jurisdiction to enter the Final Award; (2) that the language of the Settlement Agreement did not require an offset; and (3) that Texas law

---

[2] The panel ordered ARAR to pay $124,990.12 to Frontera for its attorneys fees and expenses. Thus, the total amount of the award is $1,374,990.12.

[3] This section states that, upon application for confirmation of an arbitration award, the district court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

[4] Section 10 lists four grounds upon which to vacate an award, the last of which allows for vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

concerning unenforceable contractual penalties did not apply to the Final Award. The district court dismissed ARAR's money had and received counterclaim on the ground that it was an impermissible collateral attack on the panel's Final Award.

## II.

Although we review a district court's confirmation of an arbitration award *de novo*, our "'review of the underlying award is exceedingly deferential.'" *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)). "An award may not be set aside for a mere mistake of fact or law." *Apache*, 480 F.3d at 401.

## III.

The district court correctly concluded that the panel did not exceed its authority in determining that it had jurisdiction to interpret the Settlement Agreement and enter the Final Award because the parties' Settlement Agreement incorporated the International Arbitration Rules of the International Centre for Dispute Resolution ("ICDR Rules"). Article 15(1) of the ICDR Rules states that "[t]he tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." The parties' incorporation of the ICDR Rules constitutes clear and unmistakable evidence of the parties' intent to arbitrate questions of arbitrability, *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002), and we will not disturb the panel's jurisdictional decision even if we disagree with it, *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 344-45 (2d Cir. 2010). In rejecting ARAR's argument that the parties were required to mediate under Section 12 of the Settlement Agreement before the panel could interpret the agreement and enter the Final Award, the panel determined that Section 12 must be reconciled with Sections 4 and 5, which clearly subjected the parties to

No. 11-20661

the panel's jurisdiction to enter a Final Award pursuant to Exhibit B.  We agree with the district court that the panel's interpretation of these sections is rationally inferable from the language of the Settlement Agreement, *Reed v. Florida Metro. Univ., Inc.*, 681 F.3d 630, 637 & n.8 (5th Cir. 2012), and a decision that, consistent with Texas contract law, "harmonize[d] and [gave] effect to all the provisions of the contract so that none will be rendered meaningless," *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006) (internal quotation marks and emphasis omitted).

The district court did not err, moreover, in determining that the panel did not exceed its authority in issuing the Final Award in the amount of $1.25 million with no offset for the payments ARAR had made to Frontera through July 2009.  Even if we disagreed with the panel's interpretation of the Settlement Agreement, the panel's Final Award was rationally inferable from the language of the Settlement Agreement.  *Reed*, 681 F.3d at 637 & n.8. Furthermore, we cannot say the panel exceeded its authority based on any legal error it made in rejecting ARAR's argument that the Final Award constituted an unenforceable contractual penalty under Texas law.  *See Rain CII Carbon*, 674 F.3d at 472 (arbitration award may not be vacated under 9 U.S.C. § 10 for mere mistake of fact or law).

With respect to ARAR's money had and received counterclaim, we hold that the district court did not err in construing the counterclaim as an impermissible collateral attack on the panel's Final Award.  *See Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*, 512 F.3d 742, 749-50 (5th Cir. 2008); *Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 205 F.3d 906, 910 (6th Cir. 2000). The district court, furthermore, correctly determined that ARAR had expressly agreed to waive its right to challenge the Final Award under any legal or equitable basis pursuant to Section 4 of the Settlement Agreement and thus was contractually precluded from pursuing any challenges to the Final

No. 11-20661

Award.  Accordingly, we affirm the district court's dismissal of the counterclaim on this basis as well.

In sum, the district court did not err in confirming the Final Award and dismissing ARAR's counterclaim for money had and received.  Accordingly, the judgment of the district court is

AFFIRMED.