**Opinion issued October 8, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00708-CV

_____

**STAGE STORES, INC., Appellant**

**V.**

**JON GUNNERSON, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-21878**

---

## DISSENTING OPINION

I respectfully dissent. This case construes, as a matter of first impression in

Texas state court, the standards for a "reasoned award" in arbitrations brought

under the Federal Arbitration Act (FAA).[1] I believe the majority's decision to

---

[1] *See* 9 U.S.C. §§ 1–16.

reverse and remand this case is contrary to the controlling federal authority that the lead opinion relies upon and purports to follow. I believe the award is sufficient to satisfy the standards of a reasoned award under the FAA and that it is a mistake to send this case back to the arbitrator to address her rejection of one of appellant Stage Stores, Inc.'s defenses in making her award. Both the lead opinion and the concurrence mistake an *argument*, which need not be addressed in a reasoned award, and an *issue*, which must be disposed of in a reasoned award—as was done here. In my view, affirmance of the arbitration award is the natural result of the argument from federal authority relied upon in the lead opinion and the natural holding under controlling federal authority. It is the disposition that is incorrect.

I would affirm the trial court's confirmation of the arbitration award.

**Background**

Following an arbitration of an employment dispute between Stage Stores and former employee, appellee Jon Gunnerson, the arbitrator issued a reasoned award disposing of Gunnerson's claim that Stage Store's wrongfully refused to pay benefits due to him based on his "good reason" for terminating his employment contract. The lead opinion sets out the four specific rulings made by the arbitrator:

> (1) that a valid contract existed between the parties; (2) that Stage's "actions in restructuring the organization and removing [Gunnerson] from a direct reporting relationship to the CEO diminished [Gunnerson's] status, thereby allowing [Gunnerson] to terminate his position for good reason pursuant to paragraph 4 of the Agreement"; (3) that Gunnerson was entitled to recover attorneys' fees; and (4) that

2

Gunnerson "failed to meet his burden of proof regarding the present value of future stock options."

Slip Op. at 5.

Stage Stores applied to vacate this arbitration award, essentially arguing that, in failing to specifically address each of its defenses to Gunnerson's claim, the arbitrator exceeded her powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *See* Slip Op. at 7 (citing 9 U.S.C. § 10(a)(4)). The trial court denied Stage's application seeking to vacate the arbitration award and granted Gunnerson's application to confirm the award.

## Discussion

Stage Stores complains that the arbitrator failed to mention one of its *defenses* in the award, namely that the contract at issue required notice of the grounds supporting good reason and an opportunity to cure before Gunnerson's contract could be terminated. It contends that, under the doctrine of *functus officio*, which declares that arbitral judgments must be complete, it is entitled to a new arbitral proceeding. The panel concludes that it "cannot fill in this gap for the arbitrator," but that it "can, however, have the trial court remand it to the arbitrator to decide *an issue which was raised but not completely adjudicated* by the original award." Slip Op. at 28–29 (emphasis added).

3

I would hold that the parties raised no *issue* that the arbitrator did not completely decide. Only a *defense* was not mentioned, and that defense was necessarily rejected by the disposition of the encompassing issue. The arbitrator did dispose of the issue raised by Stage Stores. She stated in the arbitration award that Gunnerson was "allow[ed] to terminate his position for good reason pursuant to paragraph 4 of the Agreement," and she set out that Gunnerson was entitled to receive his attorney's fees but that he failed to meet his burden of proof regarding the present value of stock purchases. The issue of whether he was allowed to terminate his position has been completely decided, and there is no basis for returning this case to the arbitrator.

Stage Stores' real complaint is that the arbitrator did not specifically address an *argument*—not the issue requiring resolution. And this assertion is insufficient to establish that that arbitrator "exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made," as required to vacate the award here. *See* 9 U.S.C. § 10(a)(4). By deciding the actual issue submitted—i.e., that Stage Stores' "actions in restructuring the organization and removing [Gunnerson] from a direct reporting relationship to the CEO diminished [Gunnerson's] status, allow[ed] [him] to terminate his position for good reason pursuant to paragraph 4 of the Agreement"—the arbitrator necessarily decided Stage Stores' defenses challenging

4

Gunnerson's showing of good cause for termination. Nothing can be added to the award to make it complete by sending it back to the arbitrator to hear a defense she has already heard and rejected—as the lead opinion acknowledges.

Remand in this case is, in my view, directly contrary to the spirit and purpose of the FAA, the federal case law construing reasoned arbitral awards, and the *functus officio* doctrine the lead opinion seeks to apply. None of the law cited in the lead opinion supports returning a case to the arbitrator to address each argument made by the parties. Rather, all of the cases cited in the opinion hold to the contrary. In my view, Stage Stores' argument is identical to the type of challenge to a reasoned award in federal arbitration that controlling federal opinions have consistently found to be without merit. I disagree, therefore, that remand is supported by the law controlling reasoned awards subject to the FAA.

The *functus officio* doctrine is the "rule that bars an arbitrator from revisiting the merits of an award once the award has been issued." *Brown v. Witco Corp.*, 340 F.3d 209, 218 (5th Cir. 2003) (cited in lead opinion, Slip Op. at 10–11). The exceptions are limited. An arbitrator can (1) correct a mistake which is apparent on the face of his award; (2) decide an issue which has been submitted but which has not been completely adjudicated by the original award; or (3) clarify or construe an arbitration award that seems complete but proves to be ambiguous in its scope and implementation. *Id.* at 219. In *Brown*, the Fifth Circuit added that, "in the absence

5

of any contractual provision or formal arbitration rule expressly to the contrary," an arbitrator "may exercise his power to clarify the terms of an award when he is asked to do so by parties mutually and without any party's objection within a reasonable period of time." *Id.* None of these circumstances applies here. The reasoned award requested by the parties and made by the arbitrator presents no mistake on its face, decides each issue submitted, and contains no ambiguity that prevents its being readily implemented. Therefore, the circumstances requiring remand to the arbitrator under exceptions to the *functus officio* doctrine as enunciated in *Brown* do not exist.

The Eleventh Circuit in *Cat Charter, LLC v. Schurtenberger*—a case likewise relied upon in the lead opinion—described the requirements of a reasoned award. It stated, "Logically, the varying forms of awards may be considered along a 'spectrum of increasingly reasoned awards,' with a 'standard award' requiring the least explanation and 'findings of fact and conclusions of law' requiring the most," so that "a 'reasoned award is something short of findings and conclusions but more than a simple result.'" 646 F.3d 836, 844 (11th Cir. 2011) (quoting *Sarofim v. Trust Co. of the W.*, 440 F.3d 213, 215 n.1 (5th Cir. 2006)); *see also Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 473 (5th Cir. 2012) (accord). Thus, the *Cat Charter* court concluded, "Strictly speaking, then, a 'reasoned' award is an award that is provided with or marked by the detailed

listing *or mention of* expressions or statements offered as a justification of an act—the 'act' here being, of course, the decision of the [arbitration] Panel." 646 F.3d at 844 (emphasis in original.)

In *Cat Carter*, the appellate court refused to return the case to the arbitrator in response to the defendants' complaint that the award's statement that the plaintiffs had proved their claims "by the greater weight of the evidence" added no explanatory value to the award "on what is most certainly a 'bare' or 'standard' award." *Id.* The court held, to the contrary, that the arbitrators' statement in the award was "greater than what is required in a 'standard award,' and that is all we need decide.'" *Id.* at 845. It pointed out that if the parties had wanted a greater explanation they could have requested findings of fact and conclusions of law, but they did not. *Id.* The *Cat Charter* court concluded:

> We decline to narrowly interpret what constitutes a reasoned award to overturn an otherwise apparently seamless proceeding. The parties received precisely what they bargained for—a speedy, fair resolution of a discrete controversy by an impartial panel of arbitrators skilled in the relevant areas of the law. To vacate the Award and remand for an entirely new proceeding would insufficiently respect the value of arbitration and inject the courts further into the arbitration process than Congress has mandated.

*Id.* at 846.

The Fifth Circuit cited this conclusion approvingly in *Rain CII Carbon*, which is also relied upon by the lead opinion. 674 F.3d at 473–74. In both *Rain CII Carbon* and *Cat Charter*, the federal circuit court construed federal arbitration law

7

and found an award that minimally addressed the issues sufficient to withstand a party's request for vacatur. *See Rain CII Carbon*, 674 F.3d at 474 (holding sufficient for reasoned award "the arbitrator's statement that, based upon all of the evidence, he found that the initial price formula should remain in effect" after delineating in previous paragraph "that Conoco had failed to show that the initial formula failed to yield market price, a contention that the arbitrator obviously accepted"); *Cat Charter*, 646 F.3d at 840–41, 845 (holding sufficient reasoned award that declared that claimants had proven their Deceptive and Unfair Trade Practices and breach of contract claim "by the greater weight of the evidence," that held that claimants were substantially prevailing parties and respondents were not, awarded claimants their attorney's fees, ordered respondents to "jointly and severally pay" claimants specified damages, fees, costs, and interest, and granted plaintiffs lien on boat).

The Sixth Circuit, like the *Cat Charter* court, refused to overturn the award and to return the case to the arbitrator for clarification, finding that the arbitrator "minimally satisfied the explanation requirement stated in the arbitration agreement" by stating, with respect to each of the plaintiff's three claims that the plaintiff "has not met his burden of proof." *Green v. Ameritech Corp.*, 200 F.3d 967, 971, 977–78 (6th Cir. 2000).

By contrast to these cases holding that the requirements for a reasoned award were satisfied, the Fifth Circuit declined jurisdiction over the trial court's order sending a case back to the arbitrators under the *functus officio* doctrine to complete the task assigned them in a case where the award issued by the arbitral panel was "patently ambiguous." *Murchison Capital Partners v. Nuance Commc'ns, Inc.*, 760 F.3d 418, 423 (5th Cir. 2014) (stating, where trial court returned case to arbitrators to determine whether part of determination made in award was related only to benefit-of-the-bargain damages request of party or also to out-of-pocket losses, that "declining jurisdiction over the district court's order and permitting the arbitration panel to clarify its award is necessary given our deferential standard of review of arbitration awards").

Here, there is no assertion of ambiguity, nor could there be. The arbitrator clearly and expressly found "good reason pursuant to paragraph 4 of the Agreement" for Gunnerson to terminate his position due to Stage Stores' "actions in restructuring the organization and removing him from a direct reporting relationship to the CEO," and awarded him his attorney's fees. There is nothing to clarify with respect to Stage Stores' defense of notice and opportunity to cure and nothing to add: the arbitrator rejected Stage Stores' defense as grounds preventing Gunnerson from terminating the contract, and it deemed him a prevailing party entitled to attorneys' fees. There is thus no basis for applying the exception to the

9

*functus officio* doctrine for lack of complete adjudication. The award completely disposes of the termination issue.

In my view, it is clear that the arbitrator did enough in this case and that there are no grounds for sending it back to the arbitrator under the ambiguity or lack of clarity exceptions to the *functus officio* doctrine. The reasoned award at issue is at least as comprehensive and detailed as the arbitral awards at issue in *Rain CII Carbon*, *Cat Charter*, and *Green*. None of those cases sent a completely decided arbitration award addressing every submitted issue back to the arbitrator for a second attempt at arbitration, and none required that every argument or defensive theory—as opposed to every issue—be disposed of. Indeed, one must seriously question—as the federal courts that decided these federal arbitration law cases did—what purpose is served by remand other than to introduce into arbitration the same lengthy and costly court procedures that the parties sought to avoid by agreeing to arbitration. And, worse, in this case, either the arbitrator will reach a completely different result on the same facts or the arbitrator will reach the same results, resulting in duplicative litigation. In neither case will the losing party have recourse to the courts to second-guess the arbitrator's second-time-around decision, unless the state trial judge or appellate panel decides that the law was not sufficiently explained to satisfy its own independent standards of review and sends

it back for the arbitrator to try yet again to satisfy the state courts on the federal legal issues of sufficiency of the reasoned award.

The Eleventh Circuit set out in *Cat Charter* exactly *why* a reviewing court should not require the detailed findings and conclusions of law the majority imposes on the arbitrator in this case when the parties have merely requested a reasoned award. The court stated:

> Our conclusion today holds consistent with the general review principles embodied in the FAA. The Supreme Court has read §§ 9-11 of the FAA
>
>> as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process, and bring arbitration theory to grief in the post-arbitration process.

*Cat Charter*, 646 F.3d at 845 (quoting *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 588, 128 S. Ct. 1396, 1405 (2008) (citations and internal quotation marks omitted)).

To send this case back to the arbitrator is, to me, to pervert the ends of federal arbitration as stated by the United States Supreme Court in *Hall Street v. Mattel*, and as recognized by the Eleventh Circuit in *Cat Charter*, and to impose on arbitrations subject to the FAA heightened state court standards of review of

11

reasoned arbitration awards that are clearly improper under, and superseded by, controlling federal law. I, therefore, cannot join either the lead opinion or the judgment of the majority. Much less can I join the concurrence, which would require even more of the arbitrator for every reasoned award.

## Conclusion

I would affirm the arbitration award.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Justice Brown, joining the majority and concurring.

Justice Keyes, dissenting.