# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2020

Lyle W. Cayce
Clerk

No. 19-51121
Summary Calendar

Diverse Enterprises, Limited Company, L.L.C.; Quick-Sol Global, L.L.C.; Lawrence P. Lancaster,

*Plaintiffs—Appellees*,

*versus*

Beyond International, Incorporated; Pablo Gomez,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-1036

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Beyond International, Inc. and Pablo Gomez[1] (collectively, "Beyond") appeal the district court's order granting Plaintiffs' motion to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Pablo Gomez is the President of Beyond International, Inc.

confirm an arbitration award.  For the following reasons, we AFFIRM the district court's order.

## I.  BACKGROUND

Diverse Enterprises, Ltd., Co., LLC, Quick-Sol Global, LLC ("QSG"), and Lawrence P. Lancaster (collectively, the "Plaintiffs") entered into a distribution agreement ("Agreement") with Beyond.  It contained a clause requiring arbitration for "any claim or controversy arising out of or relating to [the] Agreement."  The Plaintiffs terminated the Agreement after Beyond breached it by failing to meet minimum sales requirements, and the parties entered arbitration to resolve their various business conflicts.

The arbitration panel made findings in favor of the Plaintiffs on every substantial issue.  The panel also awarded $432,135.60 in attorneys' fees to the Plaintiffs.

Beyond moved to modify the attorneys' fee award, which was based, in part, on a $400 hourly rate for one of the Plaintiffs' law firms.  Though Beyond initially stipulated to the hourly rate, it later discovered that the firm in question only charged the Plaintiffs a rate of $225 per hour.  Beyond acknowledged that the firm was *also* entitled to 2% of the gross sales price of QSG as additional compensation but remarked that it had "no information that QSG ha[d] been sold."  Beyond thus argued a modification was needed to correct this "computational error."  The panel denied Beyond's motion.

Beyond renewed its excessive fee argument in its response to the Plaintiffs' motion to confirm the arbitration award in district court.  Beyond argued that the panel "exceeded the authority conferred to it in the . . . Agreement to award attorneys' fees" by ordering Beyond to "pay fees in excess of those actually charged."  Beyond then asked the district court to either: (1) vacate the award and remand back to arbitration for "proper

analysis on the issue of attorneys' fees," or alternatively, (2) modify and correct the award "consistent with the attorneys' fees actually incurred by" the Plaintiffs because the award contained an "evident material miscalculation of figures or evident material mistake in the description of any person, thing or property referred to in the award" in violation of section 11(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 11(a).

The district court rejected Beyond's argument and confirmed the arbitration award. *Diverse Enters. Co. v. Beyond Int'l, Inc.*, No. 5:16-CV-01036-RCL, 2019 WL 5927311, at *1 (W.D. Tex. Nov. 12, 2019). It concluded that the panel did not exceed its authority, noting the "exceedingly deferential" standard of review and the lack of limiting language concerning the arbitrator's authority in the Agreement. *Id.* at *2. The district court also rejected Beyond's argument that there was "an evident material miscalculation" or "mistake" in the award because the panel "reasonably relied on the parties' stipulation that attorneys' fees ranging from $200 to $400 would be reasonable." *Id.* at *3. Accordingly, the district court adopted the panel's findings and conclusions and granted the Plaintiffs' motion to confirm the award. *Id.* Beyond timely appealed.

## II. Standard of review

We review a district court's confirmation of an arbitration award de novo, using the same standards of the district court. *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003). However, our review of an arbitration award is "extraordinarily narrow." *Glover v. IBP, Inc.*, 334 F.3d 471, 473–74 (5th Cir. 2003). We may modify or vacate an arbitration award only if one of the grounds enumerated in FAA §§ 10 or 11, 9 U.S.C. §§ 10–11, is satisfied. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).

Here, Beyond contends that the attorneys' fee award constitutes an excess of authority, in violation of § 10(a)(4). Arbitrators exceed their power

when they "act contrary to express contractual provisions." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (internal quotation marks and citation omitted). We will vacate an award that ignores a plain contractual limitation on the authority of an arbitrator. *Id.* However, "limitations on an arbitrator's authority must be plain and unambiguous." *Id.* (internal brackets and quotation marks omitted). If "there is ambiguity as to whether an arbitrator is acting within the scope of his authority, that ambiguity must be resolved in favor of the arbitrator." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 844 (5th Cir. 2020) (quotation omitted); *see Rain CII*, 674 F.3d at 472 ("A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration." (quotation omitted)). If a rational interpretation exists that supports the award, the award will be upheld, even if there is more than one interpretation on how the arbitrator arrived at a final award. *See Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 214 (5th Cir. 1993).

## III. Discussion

Beyond argues that the panel exceeded its contractual authority by awarding the Plaintiffs attorneys' fees that were based on a $400 hourly rate when the actual rate charged was $225 per hour. Beyond maintains that the panel was limited to awarding "reasonable fees" whereas "the authority to award fee multiples was absent and could not be awarded." Beyond also maintains the panel violated Texas law by "awarding fees not actually incurred, which were based . . . on a withdrawn stipulation and a misleading billing summary."[2]     Beyond characterizes the fees awarded as an

---

[2] Beyond concedes that it stipulated to the $400 hourly rate, but it notes that it withdrew this stipulation prior to the entry of the fee award. This withdrawn stipulation is not a determinative factor in our analysis, so we do not address Beyond's stipulation argument. Furthermore, we decline to address Beyond's argument that the Plaintiffs

impermissible "windfall," prohibited by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 455 (1983) (Brennan, J., concurring in part and dissenting in part). We disagree with Beyond's efforts to treat the review of an arbitration award as if it is a regular appeal of a trial court decision. We thus affirm the district court's confirmation of the attorneys' fee award.

On appeal, the single question we must answer is whether the arbitration panel exceeded its contractual authority. To answer that question, we focus on "whether the award, however arrived at, is rationally inferable from the contract[,]" applying relevant (here, Texas) state law. *Glover*, 334 F.3d at 474-75 (quotation marks and citation omitted); *see Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010) (describing Texas rules of contract interpretation).

Two contract provisions are particularly relevant. The first provision broadly authorizes arbitrators to settle "any claim or controversy arising out of or relating to" the Agreement. We note that "[b]oth the Supreme Court and this court have characterized similar arbitration clauses as broad arbitration clauses capable of expansive reach." *See Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 288 U.S. 395, 406 (1967)). The second provision grants the prevailing party "reasonable attorneys' fees (both trial and appellate) and related costs and expenses." The word "reasonable" does not necessarily limit the parties to fees actually incurred. *See Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) (noting "[t]he trial judge should not be limited by the contractual fee agreement between plaintiff and counsel" in determining reasonable attorneys' fees under 42 U.S.C. § 1983); *La. Power*

"misrepresent[ed]" their fees. We observe that Beyond was provided the fee agreement, stating the $225 hourly rate, along with thousands of other pages of documentation.

No. 19-51121

& *Light Co. v. Kellstrom*, 50 F.3d 319, 328–29 (5th Cir. 1995) (noting "the actual amount paid in fees is not dispositive on the question of reasonable rates"). Because there is no other relevant language, we hold that the district court did not err in concluding that the Agreement creates no plain limitation on the authority of the arbitrators in awarding attorneys' fees greater than those incurred by the Plaintiffs.

Since the arbitration award did not exceed the arbitration panel's contractual authority, we must sustain it.[3] We do so without reaching the merits of Beyond's excessive fee claim because that argument goes beyond our power to review the arbitration decision.[4]

AFFIRMED.

---

[3] Even assuming arguendo that the arbitration panel mistakenly applied the law, this error is not grounds for vacating or modifying an arbitral award. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("Courts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.").

[4] We need not determine whether $400 per hour is a reasonable rate because that determination was within the power of the arbitration panel. Similarly, we lack the authority to address Beyond's "windfall" claim.