# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2023

Lyle W. Cayce
Clerk

————————

No. 22-50850

————————

Concierge Auctions, L.L.C.,

*Plaintiff—Appellee*,

*versus*

ICB Properties of Miami, L.L.C.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-894

_____

Before Wiener, Graves, and Douglas, *Circuit Judges*.
Per Curiam:[*]

ICB Properties of Miami, L.L.C. ("ICB") appeals the district court's grant of Concierge Auctions, L.L.C.'s ("Concierge") petition to confirm a final arbitration award. Guided by the "extraordinarily narrow" standard of review that applies to our consideration of arbitration awards, *see Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471–72 (5th Cir. 2012) (citation omitted), we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50850

I.

ICB, a holding company, entered into an agreement (the "Auction Agreement") with Concierge, a real estate auction marketing firm, to auction a luxury property owned by ICB in Florida. The Auction Agreement contained an arbitration provision (the "Arbitration Provision" or "Provision"), which required the parties to "submit any and all controversies, disputes, claims, and matters of difference arising out of or relating to this Agreement, . . . exclusively to arbitration in Austin, Texas in accordance with the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association."

The auction commenced in March 2019, and the property sold for significantly less than ICB expected.[1] After a disagreement on who was to pay the buyer's broker commission, the broker sued ICB in Florida state court. ICB then asserted third-party claims against Concierge, alleging, among other things, that Concierge breached the Auction Agreement by failing to properly conduct the auction.

In September 2019, Concierge invoked the Arbitration Provision in the Auction Agreement and filed a Demand for Arbitration against ICB with the American Arbitration Association ("AAA") in Austin, Texas, alleging that ICB breached the Arbitration Provision by filing claims against it in Florida state court.

In July 2021, an arbitrator found in favor of Concierge on its breach of contract claim and held that Concierge was entitled to recover attorneys' fees

---

[1] ICB originally entered into a listing agreement with Engel & Völkers, an international real estate agency, to list the property for $68 million. The property sold at auction for $25.5 million.

and expenses incurred in the arbitration.[2]  Concierge filed a petition to confirm the arbitration award in the United States District Court for the Western District of Texas, and ICB subsequently filed a motion to vacate the award.  Finding that ICB failed to demonstrate that the final arbitration award should be vacated, modified, or corrected, the magistrate judge recommended that the district court grant Concierge's petition.  The district court adopted the recommendation.

*** 

ICB asserts two issues on appeal: (1) the arbitrator lacked jurisdiction under the first-to-file rule, and (2) the arbitrator lacked jurisdiction to rule on the arbitrability of the claims.

As to the first-to-file issue, ICB asserts that the arbitrator lacked jurisdiction because the Florida state case was filed first, thus, the arbitrator was required to decline arbitrating the dispute.  "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted).  "The federal courts long have recognized that the principle of comity requires federal district courts— courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citation omitted).  "The concern manifestly is to avoid . . . rulings which may trench upon the authority of

---

[2] The Arbitrator ordered ICB to pay Concierge (1) $20,000 in attorneys' fees, costs, and expenses incurred in the Florida state court action; (2) $145,000 in attorneys' fees and $122.70 in expenses incurred in the Arbitration proceeding; (3) $40,000 in conditional attorneys' fees if ICB unsuccessfully opposed confirmation of the final arbitration award; and (4) $27,295 for arbitration fees and expenses.

sister courts." *Id.* (citations omitted). "This concern applies where related cases are pending before two judges in the same district . . . as well as where related cases have been filed in different districts." *Id.* (citations omitted). As stated above, the rule applies to *federal district courts*, thus, the rule is inapplicable here, where the dispute concerns a Florida state case and an arbitration.

Thus, the crux of this appeal concerns whether the arbitrator lacked jurisdiction to rule on the arbitrability of the claims.

## II.

"We review the district court's confirmation of an arbitrator's award *de novo*, but our review of the arbitrator's award itself…is very deferential." *Commc'ns Workers of Am., AFL-CIO v. Sw. Bell Tel. Co.*, 953 F.3d 822, 826 (5th Cir. 2020) (citation omitted). This standard of review has been described as "extraordinarily narrow," "severely limited," and "one of the most deferential standards 'known to the law.'" *Id.* (citations omitted) Our court "must affirm an arbitral award 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.'" *Id.* (citation omitted). "Even if an arbitrator committed serious error, we may not reverse the arbitrator's judgment if the decision 'draw[s] its essence from the contract.'" *Id.* (citations omitted).

## III.

ICB asserts that the arbitrator lacked jurisdiction to rule on the arbitrability of the claims and thus exceeded his authority when he determined that ICB breached the Arbitration Provision.

Under AAA Rule 7(a), "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability

No. 22-50850

of any claim or counterclaim." *Archer and White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 279–80 (5th Cir. 2019) (citation omitted). A contract "need not contain an express delegation clause." *Id.* (citations omitted). Rather, "an arbitration agreement that incorporates the AAA Rules 'presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.'" *Id.* (citations omitted).

Here, the Arbitration Provision incorporates the AAA rules—it provides that any arbitration shall be "in accordance with the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association then in effect (the 'Rules')." In addition, the Provision "grant[s] all powers to the arbitrator to the fullest extent of the Rules." Thus, the Provision presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *Archer*, 935 F.3d at 279.

ICB points to a specific clause in the Arbitration Provision,[3] asserting that the clause "vested 'exclusive jurisdiction' over the matter to Travis County courts." ICB contends that, while "this appeal appears to merely ask whether to confirm or vacate an arbitrator's award," "a closer inspection

---

[3] The specific clause at issue reads:

Judgment upon the award may be entered in any court of competent jurisdiction or application may be made to such court for a judicial acceptance of the award and an order of enforcement. Each of the Parties consents to the exclusive jurisdiction of the state and federal courts located in the County of Travis, State of Texas (and of the appropriate appellate courts therefrom) in any such action or proceeding (including an action to compel arbitration or to stay any proceeding inconsistent with this provision) and in any other action or proceeding arising out of or relating to this Agreement, including but not limited to its performance, enforcement, scope and/or interpretation, and waives any objection to venue or to the jurisdiction of such courts.

reveals this case is really about contract interpretation." The district court found that ICB took the clause out of context.

Regardless of whether we agree or not, we "must sustain an arbitration award even if we disagree with the arbitrator's interpretation of the underlying contract as long as the arbitrator's decision 'draws its essence' from the contract." *Timegate Studios, Inc.*, *v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013) (citations omitted) (alteration in the original). Further, "we resolve all doubts in favor of arbitration." *Id.*

As stated above, the Provision required the parties to "submit any and all controversies, disputes, claims, and matters of difference arising out of or relating to this Agreement, . . . exclusively to arbitration in Austin, Texas in accordance with the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association." Accordingly, the arbitrator had the authority to determine jurisdiction and arbitrability issues. AFFIRMED.