# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2009

Charles R. Fulbruge III
Clerk

No. 09-50073

UNITED FORMING, INC; CONTINENTAL CASUALTY COMPANY

Plaintiffs - Appellees

v.

FAULKNERUSA, LP

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-520

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This case arises out of a construction project where Appellant FaulknerUSA, LP ("Faulkner") was the general contractor, United Forming, Inc. was the subcontractor and Continental Casualty Company was the surety on their agreement. After disputes about United Forming's work, the parties went to arbitration before an American Arbitration Association ("AAA") panel. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

AAA panel ruled in favor of United Forming and Continental Casualty.[1] United Forming filed an action to confirm the award, while Faulkner moved to vacate it. The district court ruled in United Forming's favor. Faulkner appeals, and we AFFIRM.

On a motion to vacate an award brought under the Federal Arbitration Act ("FAA"), the FAA sets forth the exclusive grounds for vacatur. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1402–03 (2008). In this case, Faulkner attacks the arbitrators with the following arguments: (1) Arbitrator Yungblut failed to make proper pre-arbitration disclosures of conflicts;[2] (2) the arbitrators' comments at the arbitration demonstrated bias; and (3) the arbitrators' rulings as to the legal issues presented were so grossly wrong as to be "misconduct" or "misbehavior" under the FAA. We address each contention briefly in turn.

As part of his pre-arbitration disclosures, Arbitrator Yungblut disclosed that his former partner, Steven Nelson, had represented Faulkner's predecessor company. However, Faulkner alleges that Yungblut should have disclosed Nelson's status as an officer of that entity, as well as Nelson's alleged "bad feelings" about the sale of the entity to what is now Faulkner. It also alleges that Yungblut should have disclosed his friendship with the vice president and general counsel of a competitor of Faulkner. These claims about Yungblut's nondisclosure are foreclosed by our decision in *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 476 F.3d 278, 281–85 (5th Cir. 2007) (en banc) (discussing circumstances in which nondisclosure supports a finding of "evident

---

[1] Because the interests of United Forming and Continental Casualty align on this appeal, we will hereinafter refer only to United Forming.

[2] Faulkner also complains that the district court improperly restricted his discovery of Yungblut's alleged conflicts. We conclude that the district court did not abuse its discretion in finding that Faulkner failed to show that the requested discovery would yield relevant evidence.

partiality"[3] under the FAA). At most, the undisclosed information would support only a "speculative impression of bias" and not a "significant compromising relationship." *See id.* at 285–86.[4]

Faulkner accuses Arbitrators Yungblut and Snyder of "actual bias" based upon statements they made during the arbitration proceeding allegedly suggesting defenses and causes of action to United Forming, as well as an alleged failure to allow response to a motion and supposed mistakes of law. *Cf. Positive Software*, 476 F.3d at 281 ("evident partiality" under the FAA means "bias" that is "clearly evident in the decisionmakers"). We conclude that Faulkner has failed to meet its "onerous burden" of demonstrating actual bias. *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 550 (N.D. Tex. 2006).

Finally, Faulkner argues that the AAA panel's award was so contrary to law that it constitutes "misconduct" or "misbehavior" under the FAA.[5] We note that Faulkner was careful not to use the phrase "manifest disregard of the law" in this court (as it did in the district court), mindful that we have held that *Hall Street* has overruled the use of that standard to vacate an award in a proceeding under the FAA. *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009). We need not reach the question of whether an intentional complete

---

[3] Section 10 of the FAA allows vacatur "where there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2).

[4] We also note that the information about Nelson's position was known to Faulkner's president and, therefore, should have been raised at the time of Yungblut's selection.

[5] Another ground for vacatur under the FAA is "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3).

disregard of the applicable law could constitute "misbehavior"[6] under the FAA because we conclude that such a situation is not presented here. Even if the AAA panel's decision was erroneous – a question we do not reach – it was at least debatable.

Accordingly, we AFFIRM the district court's confirmation of the arbitration award and denial of Faulkner's motion to vacate.

---

[6] "Misconduct" does not seem to fit Faulkner's allegation. *See generally Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 811 (Tex. App. – Dallas 2008, pet. denied) ("The [FAA] seems to limit 'misconduct' to cases in which an arbitrator denies a postponement of the hearing or refuses to hear material evidence . . . .").