**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2009

Charles R. Fulbruge III
Clerk

No. 09-40111
Summary Calendar

THE HOUSEHOLDER GROUP; SCOTT ALLEN HOUSEHOLDER;
STEPHEN M HORVATH; TODD ALLEN BERGERON,

Plaintiffs–Appellees

v.

THOMAS CAUGHRAN,

Defendant–Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-316

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Thomas Caughran appeals the district court's confirmation of an arbitration award in favor of the plaintiffs (collectively "Householder Group"). Householder Group has failed to file a brief. However, Caughran has not demonstrated that there is a sufficient statutory basis for vacating the arbitration award. Therefore, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BACKGROUND

The full set of background facts for this matter can be found in the district court's opinion affirming the arbitration award. *See Householder Group v. Caughran*, 576 F. Supp. 2d 796 (E.D. Tex. 2008). To summarize, a panel of arbitrators with the National Association of Securities Dealers, Inc. ("NASD") awarded Householder Group $39,500 in compensatory damages for breach of a promissory note, $50,000 in compensatory damages for breach of a Branch Office Agreement, and $70,000 in attorneys fees. Thereafter, Householder Group filed a motion in the district court to confirm the award, and Caughran filed a motion for vacatur.[1]

On September 17, 2008, the district court granted Householder Group's motion, denied Caughran's motion, and confirmed the arbitration award. Subsequently, Caughran filed this *pro se* appeal contending that the district court erred by denying his motion to vacate and by confirming the award.

DISCUSSION

The Federal Arbitration Act ("FAA") imposes significant limits on judicial review in order that arbitration will be "efficient and cost-effective" for the parties. *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007) (en banc). Although we review the confirmation of an arbitration award *de novo*, we use the same standard as the district court to determine whether the award should have been confirmed. *See Am. Laser Vision, P.A. v. Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258 (5th Cir. 2007), *overruled on other grounds*, 128 S. Ct. 1396 (2008). The effect is to make judicial review of an arbitration award "exceedingly deferential," and vacatur is

---

[1]  Caughran proceeded *pro se* during the arbitration and before the district court.

available only for the limited reasons outlined in Section 10(a) of the FAA. *See id.*; 9 U.S.C. § 10.

Since Caughran proceeds on this appeal *pro se*, the arguments in his brief will be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

An arbitration award must be confirmed unless the court determines the award should be vacated under Section 10, or modified or corrected under Section 11, of the FAA. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1402 (2008). Arbitration awards can no longer be vacated on nonstatutory, common law grounds. *See Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (interpreting *Hall Street*, 128 S. Ct. 1396). Thus, Section 10 provides the exclusive grounds for vacatur. *Hall Street*, 128 S. Ct. at 1402.

Pursuant to Section 10(a) of the FAA, there are only four grounds for which a court can vacate an arbitration award:

(1) [W]here the award was procured by corruption, fraud, or undue means;

(2) [W]here there was evident partiality or corruption in the arbitrators, or either of them;

(3) [W]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) [W]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Notably, Section 10(a) does not provide for vacatur of an arbitration award based on the merits of a party's claim. Although most of Caughran's brief discusses the merits of various claims, we do not have authority to conduct a review of an arbitrator's decision on the merits. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 357 (5th Cir. 2004), *overruled on other grounds*, 562 F.3d 349 (5th Cir. 2009); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). Thus, Caughran's arguments concerning the merits are irrelevant to our determination of whether there are statutory grounds within Section 10(a) under which the arbitration award should be vacated.

Caughran does not specifically allege that the arbitration award should be vacated due to one or more of the four reasons outlined in Section 10(a) of the FAA. However, by liberally construing his brief, it appears that he alleges the award should be vacated under either Section 10(a)(2) or (3).

Caughran claims he did not receive a fair hearing because the panel prohibited him from introducing certain evidence. For example, he alleges that he was not allowed to call several witnesses who would have substantiated his claims. He also alleges that the panel would not allow him to admit conversations he taped, or "transcripts"[2] of them, between himself and the plaintiff Stephen Horvath. Caughran claims that these taped conversations demonstrate that Horvath committed perjury. However, these allegations do not warrant vacatur of the arbitration award pursuant to Section 10(a)(3).

As the district court correctly explained in its opinion confirming the arbitration award:

---

[2] The district court noted that these "transcripts" were merely summaries of the conversations. *Householder Group*, 576 F. Supp. 2d at 802.

> The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he must give each of the parties to the dispute an adequate opportunity to present its evidence and argument. An evidentiary error must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.

*Householder Group*, 576 F. Supp. 2d at 802 (citations and internal quotations omitted). However, even assuming, *arguendo*, that the panel erred in prohibiting Caughran from making these admissions, he has not demonstrated that such alleged errors rose to the level of depriving him of a fair hearing. Caughran has not submitted any affidavits from the allegedly material witnesses he claims he was not allowed to call during the arbitration. In the absence of this, or other similar evidence, Caughran cannot demonstrate that an error in permitting these witnesses to testify deprived him of a fair hearing. Similarly, prohibiting Caughran from admitting the tapes or transcripts of his conversations with Horvath did not deprive Caughran of a fair hearing. Horvath testified at the arbitration hearing. Thus, Caughran had the opportunity to cross-examine him on the perjury allegations. Accordingly, we find that Caughran has not carried his burden of demonstrating that vacatur is warranted under Section 10(a)(3).

In addition, Caughran makes frequent accusations in his brief that the arbitration panel was actually biased. To establish evident partiality based on actual bias, the party urging vacatur must produce specific facts from which "a reasonable person would have to conclude that the arbitrator was partial to one party." *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 550 (N.D. Tex. 2006) (citations and internal quotations omitted). This is an "onerous burden," because the urging party must demonstrate that the alleged

5

partiality is "direct, definite, and capable of demonstration rather than remote, uncertain or speculative." *Id.* (citation and internal quotations omitted).

Liberally construing Caughran's brief, it appears that he claims the panel demonstrated actual bias in the following ways: (1) the panel refused to force Householder Group to comply with the panel's discovery orders; (2) the panel's rulings were one-sided and against Caughran; (3) the panel wanted him to lose despite overwhelming evidence favoring Caughran; and (4) the panel awarded $50,000 for the breach of the Branch Office Agreement in order to punish Caughran for filing forty motions for evidence.

Despite these allegations, Caughran does not produce specific facts needed to meet his "onerous burden" of establishing that the alleged arbitrator partiality was "direct, definite, and capable of demonstration." *Weber*, 455 F. Supp. 2d at 550. Thus, we are left with nothing more than speculative assertions in his brief, which are insufficient to establish that vacatur is warranted under Section 10(a)(2). *See id.* Accordingly, we find that Caughran has not carried his burden of demonstrating that vacatur is warranted under Section 10(a)(2).

We also note that based on the Supreme Court's recent decision in *Hall Street*, "manifest disregard of the law is no longer an independent ground for vacating arbitration awards under the FAA." *Citigroup*, 562 F.3d at 350 (interpreting *Hall Street*, 128 S. Ct. 1396). Therefore, Caughran's claim that the arbitration award should be vacated due to manifest disregard for the law is without merit.

Finally, in response to Caughran's allegations that his Seventh Amendment rights were violated, we note that the Seventh Amendment right to a jury trial is limited by a valid arbitration provision. *Am. Heritage Life Ins.*

*Co. v. Orr*, 294 F.3d 702, 711 (5th Cir. 2002). If claims are properly before an arbitral forum pursuant to an arbitration agreement, then the Seventh Amendment right to a jury trial vanishes. *Id.* This dispute was properly before a panel of NASD arbitrators pursuant to the terms of the promissory note signed by Caughran. Therefore, Caughran's claim that his Seventh Amendment right to a jury trial was violated is without merit.

AFFIRM.