# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2013

Lyle W. Cayce
Clerk

No. 13-10304
Summary Calendar

OBADIAH LEVI FONTAINE,

Plaintiff-Appellant

v.

SPORT CITY TOYOTA,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2400

Before  JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Obadiah Levi Fontaine filed a Title VII civil rights complaint alleging that the defendant wrongfully terminated him for expressing his Christian beliefs.  Fontaine's complaint was arbitrated pursuant to the Federal Arbitration Act, and the arbitrator determined that Fontaine had not demonstrated that the defendant's nondiscriminatory reason for his termination was pretextual.  The district court denied Fontaine's motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10304

vacate the award under 9 U.S.C. § 10(a)(2), rejecting Fontaine's claim that there was evident partiality on the part of the arbitrator. Fontaine now moves for leave to proceed in forma pauperis (IFP) on appeal to challenge the district court's denial of his motion to vacate the award.

When, as in this case, a district court certifies that an appeal is not taken in good faith, the appellant may either pay the filing fee or challenge the court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24.

For the first time on appeal, Fontaine argues that the district court erred in denying his motion to vacate the arbitration award because the arbitrator was guilty of misconduct, *see* § 10(a)(3), and had exceeded her authority, *see* § 10(a)(4). We will not consider these newly raised issues. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1163 (5th Cir. 1992).

Fontaine reiterates his claim that the award should have been vacated under § 10(a)(2) because the arbitrator was not impartial. He contends that he provided the district court with 66 pages of "irrefutable documented evidence" of the arbitrator's bias. Fontaine's evidence, however, related to the merits of his claim, not the arbitrator's bias. His belief that the weight of his evidence established the arbitrator's bias fails to satisfy his "onerous burden" of demonstrating evident partiality. *Householder Group v. Caughran*, 354

No. 13-10304

F. App'x 848, 852 (5th Cir. 2009); s*ee also Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 281-83 (5th Cir. 2007) (en banc).

Because Fontaine has failed to raise a nonfrivolous issue for appeal, s*ee Howard*, 707 F.2d at 220, we DENY his motion for leave to proceed IFP on appeal and DISMISS his appeal as frivolous, *see Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.