# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2016

Lyle W. Cayce
Clerk

TOMMY L. PARKER,

Plaintiff–Appellant,

v.

ETB MANAGEMENT, L.L.C. ET AL.,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-68

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Tommy L. Parker, appearing pro se, filed suit against his former employer, Defendant–Appellee ETB Management, L.L.C. ("ETB"), alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act. ROA.8–9, 202. The district court found that Parker had signed a binding arbitration agreement with ETB and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

compelled the parties to attend arbitration. ROA.203, 205. The arbitrator analyzed documentary evidence, heard witness testimony, and reviewed post-hearing briefing. ROA.304. The arbitrator ruled against Parker on both his age discrimination and retaliation claims. ROA.268–69. The district court then granted ETB's motion to confirm the arbitration award and denied Parker's motion to vacate the award. ROA.303–06. Parker filed a second motion to vacate, and the district court issued a warning against Parker, threatening sanctions if he continued to file frivolous claims. ROA.374. Parker filed four additional motions to vacate based on similar arguments, and the district court twice imposed sanctions against Parker for filing repeated claims "without a proper legal basis." ROA.389–90, 408. Parker now appeals the district court's confirmation of the arbitration award.

"We review a district court's confirmation of an award de novo, but the review of the underlying award is exceedingly deferential." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)). In order to maintain "arbitration's essential virtue of resolving disputes straightaway," we engage in a "limited review" of arbitration decisions. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). We do not vacate an award for a "mere mistake of fact or law," *Rain CII Carbon*, 674 F.3d at 472 (quoting *Apache*, 480 F.3d at 401), and we have "no business weighing the merits of the grievance" or "considering whether there is equity in a particular claim," *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987) (quoting *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960)). Rather, we may only vacate an award when it violates one of four grounds specified in the Federal Arbitration Act ("FAA"): (1) "where the award was procured by corruption, fraud, or undue means," (2) "where there was evident partiality or corruption in the arbitrators," (3) "where the arbitrators were

guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced," or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(1)–(4).

Parker argues the arbitrator's decision was "procured by corruption" and that the arbitrator acted with "evidence of partiality or corruption" in violation of the FAA. Parker Br. 11.[1] To support his claim, Parker argues the arbitrator ignored conflicting statements given by Defendant's witnesses regarding the events that immediately preceded his firing. Parker Br. 7–10. Construing Parker's pro se briefs liberally, Parker appears to argue that the credibility of Defendant's witnesses was so poor that there was no factual basis to support the arbitrator's findings, and therefore the arbitrator acted with partiality or corruption. Parker Br. 12.

Parker's argument invites us to reconsider the merits of his claim and to question the credibility determinations of the arbitrator. We decline to do so, as our review of arbitration decisions is "limited" and "exceedingly deferential." *See Hall St.*, 552 U.S. at 588. Aside from rearguing the merits of his claim, Parker fails to advance any credible argument to show the arbitrator acted with corruption in violation of the FAA. Accordingly, we AFFIRM the district court's confirmation of the arbitration award.

---

[1] Page numbers for Parker's brief refer to the ECF page numbers and not to the printed page numbers on the physical brief.