

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00099-CV

LOAD TRAIL, LLC, Appellant

V.

JOSEPH JULIAN, Appellee

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 86844

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

## OPINION

Load Trail, LLC (Load Trail), appeals from the trial court's judgment confirming an arbitration award in favor of Joseph Julian. In a single appellate issue, Load Trail argues that the arbitration award should be vacated because the arbitrator exhibited evident partiality. We affirm the judgment of the trial court.

## I. Background

In May 2017, Julian became employed by Load Trail, a trailer manufacturer in Sumner, Texas. Julian's job consisted of transporting parts from a rack to assembly line welders. Julian was injured approximately two months after he began working for Load Trail when, while lifting a toolbox, he was knocked to the ground by what he believed was a forklift. According to a witness, the forklift driver[1] was transporting a metal wall. When the forklift driver attempted to move the wall up to the front of the forks, the wall fell off and struck Julian on the right side of his back shoulder, knocking him to the ground. The forklift driver helped Julian up, apologized, and the two went to the supervisor's office to report the accident.

After reporting the accident, Julian left work for the day. Julian indicated that his legs and back hurt after the accident and described it as the worst pain he had ever experienced. Julian was ultimately diagnosed with herniated discs at L4-L5 and L5-S1, for which he underwent lumbar fusion surgery.[2] Julian also suffered from neck pain following the accident.

---

[1]Julian did not know the name of the forklift driver involved in the accident. Load Trail disclosed the identities of the two forklift drivers working in Building A on the accident date at mediation but admitted that they did not interview either of them about the incident.

[2]Julian's employment was terminated for an unauthorized hospital visit, filing a false injury report, and unauthorized leave of work on July 28, 2017, following the July 25, 2017, accident. Julian testified that he had provided a written

2

Julian testified that he could no longer play with his children and that, although he attempted to resume work on two different occasions, he was physically unable to do manual labor.

Following his injury, Julian sued Load Trail, a nonsubscriber to the Texas workers' compensation system, alleging negligence, negligence per se, and gross negligence. He sought damages of over $1,000,000.00. Julian's claims were ordered to mediation pursuant to Load Trail's arbitration policy and procedures, a condition-of-employment arbitration policy governed by the Federal Arbitration Act (FAA). The arbitration was conducted for three days before the Honorable T. King Fifer. In his Final Award, which included a detailed outline of the evidence on which he relied, Fifer found Load Trail negligent in failing to provide a safe workplace and awarded Julian $930,000.00 in damages. Julian thereafter filed a motion to confirm the arbitration award in the trial court, while Load Trail moved to vacate the award. Following a hearing, the trial court entered an amended final judgment[3] confirming the arbitrator's Final Award. This appeal followed.

---

statement to Stanley Montalvo, Load Trail's safety compliance manager, that indicated that he had been hit by a forklift. He further testified that Montalvo asked him to sign a blank witness statement, which Montalvo later filled out. The incident described in Montalvo's report did not mention the forklift and stated that Julian was injured while lifting a toolbox. Julian never saw his written statement again after handing it to Montalvo.

[3]The amended final judgment indicated that the trial court considered:
> (1) Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment; (2) Defendant's Original and Supplemental Response to Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment; (3) Defendant's Original and Supplemental Motion to Vacate Arbitration Award; (4) Defendant's Motion to Modify Judgment; (5) all exhibits to the foregoing filings; (6) the Court's file—including the entire record from the Arbitration proceeding, which also includes the Arbitrator's Findings of Fact and Conclusions of Law and Defendant's Objections to Plaintiff's Proposed Findings of Fact and Conclusions of Law, of which the court took judicial notice at the October 7, 2019, and December 2, 2019, hearings; and (7) argument of counsel.

## II.     Standard of Review

"The Federal Arbitration Act imposes significant limits on judicial review in order that arbitration will be 'efficient and cost-effective' for the parties." *Householder Grp. v. Caughran*, 354 F. App'x 848, 850 (5th Cir. 2009) (per curiam) (quoting *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007) (en banc)).  Although review of the confirmation of an arbitration award is de novo, our review of such an award, "[i]n light of the strong federal policy favoring arbitration, . . . is extraordinarily narrow." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)); *see Xtria L.L.C. v. Int'l Ins. All., Inc.*, 286 S.W.3d 583, 591 (Tex. App.—Texarkana 2009, pet. denied).  "Courts consistently emphasize the narrowness of judicial review of arbitration awards, describing it as 'among the narrowest known to the law.'" *Pfeifle v. Chemoil Corp.*, 73 F. App'x 720, 723 (5th Cir. 2003) (quoting *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)).  The arbitrator's decision must be given a high level of deference, and "[t]he court must resolve any doubts or uncertainties in favor of upholding the award." *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 n.9 (5th Cir. 2004).

## III.     Analysis

Section 10(a) of the FAA authorizes a reviewing court to vacate an arbitration award:

(1)      where the award was procured by corruption, fraud or undue means;

(2)      where there was evident partiality or corruption in the arbitrators, or either of them;

4

(3)      where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)      where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a).[4]  The party moving to vacate an arbitration award bears the burden of proof. *Lummus Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F.Supp.2d 594, 604 (S.D. Tex. 2002).

Load Trail complains that the trial court erred in failing to vacate the award solely based on the arbitrator's evident partiality.  *See* 9 U.S.C.A. § 10(a)(2).  More particularly, it complains that the arbitrator's rulings and behavior during the arbitration proceeding displayed evident partiality amounting to actual bias and that bias was further evidenced in the arbitrator's findings and Final Award.  "To establish evident partiality based on actual bias, the party urging vacatur must produce specific facts from which 'a reasonable person would have to conclude that the arbitrator was partial to one party.'"  *Caughran*, 354 F. App'x at 852 (quoting *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 550 (N.D. Tex. 2006)).  "This is an 'onerous burden,' because the urging party must demonstrate that the alleged partiality is 'direct, definite, and capable of demonstration rather than remote, uncertain or speculative.'"  *Id.* (quoting *Weber*, 455 F.Supp.2d at 550)).

---

[4]Arbitration awards under the FAA may be vacated only for the reasons provided in Section 10.  *See Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009).

In support of its claim, Load Trail argues that the arbitrator's statements to Load Trail's counsel during the arbitration proceeding demonstrated actual bias. The first such complaint regarding the arbitrator's statements to counsel concern counsel's objections to certain of Julian's exhibits. The arbitrator stated:

> Here's what I want you to do. We're wasting time here.
>
> If you have these exhibits and they're out of Bates range, you all should have figured this out last night, that we got some problem. I don't want to waste time going through exhibits when I know full well you got them.

After counsel stated, "I'm going to assert my objections," the arbitrator responded, "I'm going to let you assert your objections, but I want you to hear me. We got a limited amount of time today; all right." After counsel stated a somewhat lengthy objection to the first exhibit, the arbitrator stated, "We're going to take a five-minute break, then I'm going to give you 10 minutes to put your objections on the record; all right. We will start at 9:00 o'clock. Understand me?" At that point, counsel indicated that he had his objections ready and could go through them then. The arbitrator overruled each objection. Load Trail also contends that the arbitrator demonstrated bias for admonishing counsel for objecting after a witness had responded to a question.

Load Trail further complains that the arbitrator demonstrated bias against its counsel when it "pressured him to settle with Julian." In what Load Trail describes as a "startling, unmasked display of bias," the arbitrator stated, prior to Julian's testimony and before Load Trail put on any of its witnesses:

> Here's what I'm going to do. Here's what I'd like you all to do. We're going to go to lunch. But before we go to lunch, I want to see if you all can figure out how to resolve this case.
>
> [Counsel for Appellee]: Yes, sir.
>
> [Counsel for Appellee]: Yes, Your Honor.
>
> Arbitrator: You hearing me, [counsel for Appellant]?
>
> [Counsel for Appellant]: Yes, Your Honor.

Finally, Load Trail has scoured the record and has recited perhaps every instance during the three-day hearing in which the arbitrator overruled any objection it voiced. Load Trail claims that the totality of these circumstances would compel a reasonable person to conclude that the arbitrator was partial to Julian.[5] Load Trail additionally complains that the arbitrator's findings and award demonstrate evident partiality.[6] It contends that, because no reasonable person could have found Julian's testimony credible, "[o]nly partiality could have blinded the arbitrator to this conclusion."

Julian responds that Load Trail waived its evident partiality claim by failing to raise that complaint during the arbitration proceeding. "In judicial proceedings, the requirements for

---

[5]There is no indication in the record that Julian or his attorneys knew the arbitrator or had any dealings with him before the arbitration, and Load Trail makes no such contention. Julian represents in his brief that neither he nor his counsel had a previous relationship with the arbitrator, a former Dallas County judge.

[6]Load Trail claims that, in making findings that favored Julian, "the arbitrator often accepted as true testimony that was conclusively disproven by physical facts, was conclusory, or otherwise constituted 'no evidence' under the law." In addition to complaints regarding the arbitrator's detailed findings, Load Trail complains that the arbitrator did not include findings about "(1) the manner in which Load Trail supervised the phantom [forklift driver], (2) how that manner of supervision breached the duty of ordinary care, and (3) why that manner of supervision was a substantial factor in the collision and without which the collision would not have occurred." Load Trail continues, "And there is no evidence to support a conclusion that a reasonably prudent employer should have anticipated the danger of a forklift collision from the unknown manner in which Load Trail supervised the phantom [forklift driver]." Load Trail also claims that the damage award included an award for physical pain and mental anguish and that the opinions of Julian's medical experts were conclusory and based on incomplete or false information.

7

preserving complaints and for the record are set out, respectively, in Rules 33 and 34 of the Texas Rules of Appellate Procedure. Although these rules are not written for appeals from arbitration awards, their principles should govern such appeals." *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 n.80 (Tex. 2011). Indeed, a party can waive an otherwise valid objection by proceeding with the arbitration despite knowledge of facts giving rise to such an objection. *Graham-Rutledge & Co. v. Nadia Corp.*, 281 S.W.3d 683, 688 (Tex. App.—Dallas 2009, no pet.). As a result, "[a] party who knows or who has reason to know of an arbitrator's alleged bias but remains silent pending the outcome of the arbitration waives the right to complain." *Tex. Health Mgmt., LLC v. Healthspring Life & Health Ins. Co.*, No. 05-18-01036-CV, 2020 WL 3071729, at *4 (Tex. App.—Dallas June 10, 2020, no pet.) (mem. op.). When a party believes the arbitrator is biased, he "may not sit idly by during an arbitration procedure and then collaterally attack that procedure on grounds not raised before the arbitrator when the result turns out to be adverse." *Bossley v. Mariner Fin. Grp., Inc.*, 11 S.W.3d 349, 351–52 (Tex. App.—Houston [1st Dist.] 2000), *aff'd*, 79 S.W.3d 30 (Tex. 2002); *see Dealer Computer Servs., Inc. v. Michael Motor Co.*, 485 F. App'x 724, 727 (5th Cir. 2012) (party seeking to vacate arbitration award based on evident partiality must object during arbitration; failure to do so results in waiver of right to object); *Delta Mine Holding Co. v. AFC Coal Props., Inc.*, 280 F.3d 815, 821 (8th Cir. 2001) ("Even when a neutral arbitrator is challenged for evident partiality, the issue is deemed waived unless the objecting party raised it to the arbitration panel."); *Cook Indus., Inc. v. C. Itoh & Co. (Am.)*, 449 F.2d 106, 107–08 (2d Cir. 1971) ("Where a party has knowledge of facts possibly indicating bias or partiality on the part of an arbitrator he cannot remain silent and later

8

object to the award of the arbitrators on that ground. His silence constitutes a waiver of the objection.").

Yet, Load Trail, having become aware of what it deemed a "startling, unmasked display of bias" during the proceeding, failed to voice any objection to what it perceived to be the arbitrator's actual bias. And, at the conclusion of the proceeding, the arbitrator asked the parties if "there [was] anything else for the purposes of [their] record that need[ed] to be offered or talked about before [they] dismiss[ed]?" Load Trail responded, "No, Your Honor."

Load Trail claims, though, that waiver does not apply when a party does not know the basis for the evident-partiality challenge until after the arbitration. *See Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 146 (1968) (noting that facts supporting claim were not known until after an award had been made). While that may be the case, the complaints Load Trail has offered in support of its actual bias claim that are based on the arbitrator's conduct during the arbitration proceeding were certainly known to it before the proceeding was concluded. While acknowledging that its brief explained that "the arbitrator engaged in numerous acts demonstrating actual bias against Load Trail," Load Trail nevertheless claims that waiver should not apply because it "remained hopeful that the arbitrator's award would be fair and grounded in evidence and the law, as the parties' agreement required." And, because its actual bias claim was not based on a failure to disclose, but instead on the arbitrator's own bias, Load Trail claims that "a pre-award actual-bias objection risked provoking the arbitrator and possibly eliminating any chance Load Trail had for a fair decision." Load Trail therefore decided that, rather than potentially offending the arbitrator by objecting to perceived actual bias,

9

it would not object. That choice resulted in waiver of Load Trail's claims of actual bias that allegedly occurred during the arbitration proceeding. *See Dealer Computer Servs., Inc.*, 485 F. App'x at 727.

Even assuming no waiver of its actual bias claims emanating from the proceeding, Load Trail failed to satisfy the onerous burden of establishing "specific facts from which 'a reasonable person would have to conclude that the arbitrator was partial to one party.'" *Caughran*, 354 F. App'x at 852 (quoting *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 550 (N.D. Tex. 2006)).[7]

Claims of perceived actual bias during the proceeding aside, Load Trail would have this Court vacate the Final Award based on alleged fallacies in the arbitrator's findings of fact and award, claiming those alleged fallacies indicate bias.[8] This Court is not permitted to "conduct a

---

[7]*See Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 549 (N.D. Tex. 2006) ("Even repeated rulings against one party to the arbitration will not establish bias absent some evidence of improper motivation."); *Litkey v. United States*, 510 U.S. 540, 555–56 (1994) ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."); *Ballentine Books, Inc. v. Capital Distrib. Co.*, 302 F.2d 17, 18 (2nd Cir. 1962) (no evident partiality when arbitrator asked "whether there was any possibility of settlement" and stated, after he was informed that there was no such possibility, that "it was his tentative view that there should be an award for Ballentine"); *United Forming, Inc. v. Faulkner USA, LP*, 350 F. App'x 948, 950 (5th Cir. 2009) (no evident partiality when arbitrator suggested defenses and causes of action to one side).

[8]*See supra* note 6. Load Trail specifically complains that (1) the arbitrator stopped short of finding that Julian backed into the path of the forklift driver, (2) the arbitrator omitted a finding that the forklift driver also was backing up when Julian backed into his path, (3) the arbitrator omitted a finding that the forklift was making a beeping noise when Julian backed into its path, (4) the arbitrator accepted testimony about Julian's injury that does not rise to the level of competent evidence, (5) the arbitrator omitted findings that the forklift driver was unfit or incompetent and that Load Trail should have known it, (6) the arbitrator made no findings about what supervision Load Trail provided, or as a reasonably prudent employer should have provided, to the forklift driver, (7) the arbitrator made no findings to support a causal link between Load Trail's supervision of the employee and Julian's purported injuries from that employee's alleged negligence, (8) the arbitrator made no findings that Julian experienced, or will experience, any mental anguish, (9) the arbitrator's conclusions that the forklift driver and Load Trail were negligent are not supported by the arbitrator's findings, (10) there is no evidence in the record from which to conclude that the forklift driver was negligent, (11) as highlighted by critical findings the arbitrator omitted, the arbitrator's findings

10

review of an arbitrator's decision on the merits." *Caughran*, 354 F. App'x at 851 (FAA does not include any ground on which to vacate award based on errors in interpretation or application of law or mistakes in factfinding); *see Fontaine v. Sport City Toyota*, 544 F. App'x 529 (5th Cir. 2013) (belief that the weight of evidence established arbitrator's bias fails to satisfy "onerous burden" of demonstrating evident partiality); *Bacon*, 562 F.3d at 358 (there are no longer non-statutory grounds for vacating arbitration awards); *Cooper*, 832 F.3d at 546 (arbitration award "may not be set aside for a mere mistake of fact or law" (quoting *Rain CII Carbon, L.L.C.*, 674 F.3d at 472)). As stated by the Supreme Court, "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors," and the "fact that 'a court is convinced [the arbitrator] committed serious error does not suffice to overturn his decision.'" *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

We, therefore, decline Load Trail's invitation to do indirectly what we cannot do directly —conduct a merits review of the arbitrator's decision. We overrule this point of error.

---

do not support a conclusion that Load Trail was negligent, and (12) the arbitrator accorded weight to testimony no reasonable person could find credible.

## IV.  Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     October 14, 2020
Date Decided:       January 7, 2021