# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2023

Lyle W. Cayce
Clerk

No. 22-20286

Dream Medical Group, L.L.C.; Joseph Agresti; BIJ
Motors TX, L.L.C.; BIJ LA, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

Old South Trading Company, L.L.C.; Brendan Church,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-134

Before Davis, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

Old South Trading Company, LLC ("OST") and Brendan Church
(collectively, "Old South") appeal the district court's confirmation of an
arbitration award in favor of Dream Medical Group, LLC ("DMG"), Joseph
Agresti, BIJ Motors TX, LLC ("BIJ TX"), and BIJ LA, LLC ("BIJ LA")
(collectively, "Dream"). The underlying arbitration concerned various

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

transactions that occurred between the parties in 2020 and the contract governing their business relationship. On appeal, Old South argues that the arbitration award should be vacated under § 10(a)(3) and (4) of the Federal Arbitration Act ("FAA"). Because Old South fails to demonstrate a statutory basis for vacatur, we AFFIRM the district court's confirmation of the arbitration award.

## I. Factual & Procedural Background

Church and Agresti, who founded OST and DMG, respectively, first met in March 2020. They subsequently began to do business with each other, with Old South supplying Dream with personal protective equipment ("PPE"), namely face masks, and Dream distributing that PPE.

Dream sent Old South a proposed Resolution Agreement, which provided that any dispute between the parties under the Agreement would be resolved via arbitration pursuant to the rules of the American Arbitration Association ("AAA"). Church initially refused to sign the proposed Resolution Agreement. After receiving this refusal, Agresti called Church to discuss the Resolution Agreement. Church alleges that during this call Agresti represented to him that Dream would never enforce the Resolution Agreement. Following this call, Church signed the Resolution Agreement on behalf of Old South. Agresti subsequently emailed Church to exercise an option under the Resolution Agreement to reject part of a previous transaction and get a refund. Church agreed to pay only part of that refund.

Dream then moved for arbitration, arguing that Old South breached the Resolution Agreement by failing to deliver certain masks and fully provide its refund. Old South counterclaimed for rescission of the Resolution Agreement, arguing that it was fraudulently induced to agree to the contract.

No. 22-20286

An arbitration hearing took place.  The arbitration panel[1] then issued an award in favor of Dream.  The Panel determined that (1) the parties entered into the Resolution Agreement, and Old South breached the Agreement; (2) Old South failed to prove fraudulent inducement by a preponderance of the evidence; and (3) Old South failed to establish a right to rescission of the Agreement.

Dream filed an application for confirmation of the arbitration award with the district court.  Old South moved to vacate the award.  The district court denied Old South's motion and granted the application for confirmation of the award, dismissing the case with prejudice.

Old South timely appealed the district court's final judgment confirming the arbitration award.

## II.    Standard of Review

The district court had diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(1).  We in turn have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We review the "district court's confirmation of an arbitration award de novo, using the same standards as the district court."  *Wartsila Finland OY v. Duke Cap. LLC*, 518 F.3d 287, 291 (5th Cir. 2008) (quotation omitted).  However, "[j]udicial review of an arbitration award is extraordinarily narrow," and we "defer to the arbitrator's decision when possible."  *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990).  "The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it."  *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016).

---

[1]  The panel consisted of three arbitrators.

No. 22-20286

Under the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9). Accordingly, our review focuses on the text of the FAA, which supplies "the only grounds upon which a reviewing court may vacate an arbitrative award." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quotation omitted). In particular, § 10 of the FAA describes the limited circumstances under which an arbitration award may be vacated. *See* 9 U.S.C. § 10(a). These limited circumstances do not include vacating an arbitration award based upon the merits of the claims that were heard by arbitrators. *See id.*; *see also Householder Grp. v. Caughran*, 354 F. App'x 848, 851 (5th Cir. 2009) (per curiam); *Parker v. ETB Mgmt., L.L.C.*, 667 F. App'x 850, 851 (5th Cir. 2016) (per curiam).[2]

### III.    Discussion

Old South argues that the arbitration award should be vacated under § 10(a)(3) and (4) of the FAA. We consider Old South's arguments below.

### A.    Old South's § 10(a)(3) challenge

Under § 10(a)(3), a district court may vacate an arbitration award where arbitrators have committed (1) "misconduct in refusing to postpone the hearing, upon sufficient cause shown," (2) misconduct "in refusing to hear evidence pertinent and material to the controversy," or (3) "any other misbehavior by which the rights of any party have been prejudiced."

Old South's § 10(a)(3) argument is that the Panel denied it a fair hearing and prejudiced it by not fully considering its fraudulent inducement

---

[2] Although *Parker* and related unpublished opinions cited herein "[are] not controlling precedent," they "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (citing 5TH CIR. R. 47.5.4).

No. 22-20286

claim. However, Old South concedes that the Panel *did* consider its claims. In its opinion, the Panel reviewed Church and Agresti's business relationship, including the facts purportedly supporting Old South's fraudulent inducement claim, before determining that the preponderance of the evidence did not demonstrate fraudulent inducement.

Thus, while Old South attempts to invoke § 10(a)(3), its arguments functionally invite us to reassess the merits of its fraudulent inducement claim and reach a different conclusion than the Panel. That is not something we can do: § 10(a)(3) does not allow vacatur of an arbitration award based upon our decision regarding the merits of a party's claims. *See* 9 U.S.C. § 10(a)(3); *see also Householder Grp.*, 354 F. App'x at 851; *Parker*, 667 F. App'x at 851. Accordingly, we conclude that § 10(a)(3) does not support vacatur of the arbitration award.

### B.    Old South's § 10(a)(4) challenge

Under § 10(a)(4), a district court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." To justify vacatur under § 10(a)(4), parties "bear[] [the] heavy burden" of demonstrating more than an error, "or even a serious error," on the part of an arbitrator. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (quotation omitted). A court may *only* overturn an arbitration award on this ground "if the arbitrator act[s] outside the scope of his contractually delegated authority—issuing an award that simply reflect[s] [his] own notions of [economic] justice rather than draw[ing] its essence from the contract." *Id.* (alterations in original) (internal citation and quotation marks omitted).

Old South avers that (1) the Resolution Agreement provided that disputes between the parties should be resolved in accordance with the

5

No. 22-20286

AAA's rules, and (2) the Panel breached an AAA rule by failing to fully review Old South's evidence of, and the applicable law regarding, fraudulent inducement—as a result, it contends, § 10(a)(4) justifies vacatur of the arbitration award. Like its § 10(a)(3) assertions, Old South's § 10(a)(4) arguments amount to an invitation for us to reassess the merits of the Panel's decision, which does not fall under the limited text of § 10(a)(4) or support vacatur. *See* 9 U.S.C. § 10(a)(4); *see also Householder Grp.*, 354 F. App'x at 851; *Parker*, 667 F. App'x at 851. "[D]oubts or uncertainties must be resolved in favor of upholding" an arbitration award, *Cooper*, 832 F.3d at 544, and, considering the nature of Old South's arguments, we conclude that it failed to satisfy its "heavy burden" under § 10(a)(4), *see Oxford Health Plans LLC*, 569 U.S. at 569.

Separately, Old South argues that it didn't voluntarily consent to arbitration because it was fraudulently induced to sign the Resolution Agreement, and, as such, vacatur is warranted under § 10(a)(4). However, "[e]ven if [a] contract had been induced by fraud, the arbitration clause is enforceable unless the plaintiffs were fraudulently induced into agreeing to *the arbitration clause itself*." *Downer v. Siegel*, 489 F.3d 623, 627 (5th Cir. 2007) (emphasis added). Because Old South's fraudulent inducement argument doesn't focus on the Resolution Agreement's arbitration clause, this contention fails. *See id.* at 628. Accordingly, we conclude that none of Old South's § 10(a)(4) arguments justify vacatur.[3]

---

[3] Old South contends that the Panel's purported failure to consider evidence related to fraudulent inducement was "manifest disregard of the law" that mandates vacatur. It does not elaborate on this contention or assert that manifest disregard supports its statutory arguments. To the extent Old South submits manifest disregard as an independent basis for vacatur, this argument fails given our precedent rejecting "manifest disregard of the law as an independent, nonstatutory ground for setting aside an [arbitration] award." *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009);

No. 22-20286

## IV.    Conclusion

Based on the foregoing, we AFFIRM the district court's confirmation of the arbitration award.

---

*see also Jones v. Michaels Stores, Inc.*, 991 F.3d 614, 615–16 (5th Cir. 2021) (noting that *Citigroup* continues to be good law).