Filed 3/14/22  Med Tech/Med Care v. Hemosure CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| MED TECH/MED CARE, LLC, | B301519 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19PSCP00279) |
| v. | |
| HEMOSURE, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gloria White-Brown, Judge.  Affirmed.

Blair & Ramirez, Oscar Ramirez, Matthew P. Blair and Kirill Lavinski for Defendant and Appellant.

Schneiders & Associates and Kathleen Smith; Schoenberg Finkel Beederman Bell Glazer and Richard M. Goldwasser for Plaintiff and Respondent.

_____

Hemosure, Inc. appeals from a judgment confirming an arbitration award in favor of Med Tech/Med Care, LLC (Med Tech).  Hemosure contends the arbitrator exceeded the scope of his powers when he failed to issue a "reasoned award" as requested by the parties under the American Arbitration Association's (AAA) Commercial Arbitration Rules.  We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

A. *The Agreement*

On December 1, 2016 Hemosure and Med Tech entered into a one-year independent sales representative agreement.  Med Tech agreed to "aggressively promote the sale of [Hemosure's] products, to service the customers and the distributors of the company . . . , and to make regular calls and in-person visits to these customers and on these distributors at acceptable intervals of time."  Hemosure agreed to pay Med Tech a commission on all net sales to medical distributors of Hemosure's products upon invoice payments and verified tracings as provided by the distributors.  The agreement contained an arbitration provision that stated, "Any dispute or disagreement arising out of or relating to this agreement or the relationship of the parties shall be settled by arbitration, according to the American Arbitration Association Rules, in Los Angeles, CA."

B. *The Arbitration*

In January 2018 Med Tech filed an arbitration demand asserting claims for breach of contract, violation of the California Independent Wholesale Sales Representatives Contractual Relations Act of 1990 (Civ. Code, § 1738.10 et seq.; the Act),

2

unjust enrichment, and quantum meruit based on Hemosure's failure to pay commissions to Med Tech for January and February 2017. The arbitrator was appointed on February 8, 2018. In a March 23, 2018 scheduling order following a preliminary hearing, the arbitrator set an agreed-upon schedule for the arbitration. The order stated, "The parties have requested a reasoned award and have reserved the right to utilize the services of a court reporter."

The arbitration hearing was held on December 7, 2018 and February 25, 2019. Hemosure argued Med Tech was not entitled to commissions because it materially breached the contract by failing to promote and solicit sales of Hemosure's products. Further, Hemosure asserted the Act did not apply because Med Tech was not a "person" or "'[w]holesale sales representative'" covered by the Act and did not engage in "soliciting wholesale orders." (See Civ. Code, § 1738.12, subd. (e).) Thus, treble damages were not available. Alternatively, Med Tech was not entitled to treble damages because it failed to show Hemosure's willful failure to pay commissions.

C.    *The Arbitration Award*

On May 20, 2019 the arbitrator issued a two-page arbitration award. The award stated, "The Arbitrator agrees with Claimant [Med Tech] that this is a straightforward case. Claimant seeks to recover the statutorily mandated treble damages on the $64,629.09 in sales commissions (or $193,887.27) that Respondent Hemosure has refused to pay, plus attorney's fees and costs, and prejudgment interest of 10%. Claimant has proved its case in a very persuasive manner. Respondent's novel defense that it can withhold [Med Tech's] commissions because it

3

decided after entering into a new contract with [Med Tech] that [Med Tech's] performance under the parties' prior agreement was not satisfactory is not persuasive and must fail.  [¶]  The Arbitrator specifically finds that the words and actions of Hemosure's president, Dr. Wan, were unambiguously willful ("[']I'm not going to fucking pay those guys'"), thereby triggering the trebling provisions of the Independent Wholesale [Sales] Representative[s] Act, as briefed thoroughly and persuasively by Claimant's counsel.  The Arbitrator further finds that Claimant is entitled to 10% annual prejudgment interest on the outstanding commissions pursuant to Cal. Civ. Code [s]ection 3289(b).  [¶]  Finally, the Arbitrator finds that the attorney's fees and costs sought by Claimant's counsel, in the amount of $85,606.09, are reasonable."  The arbitrator awarded Med Tech a total of approximately $293,000, comprised of treble damages, prejudgment interest, and attorneys' fees and costs.

D.     *Confirmation of the Arbitration Award*

On June 21, 2019 Med Tech filed a petition to confirm the arbitration award.  On July 22 Hemosure filed a response and petition to correct and vacate the arbitration award.[1]  Hemosure argued the arbitrator exceeded his authority because he did not issue a reasoned award.

At the August 2, 2019 hearing, Hemosure's attorney confirmed that the parties did not request the arbitrator make findings of fact and conclusions of law.  After hearing argument, the trial court granted Med Tech's petition to confirm and denied

---

[1]     The trial court ruled Hemosure's response was untimely under Code of Civil Procedure section 1290.6, but the court "elect[ed] to consider Hemosure's belated response."

4

Hemosure's petition to vacate the arbitration award. The court rejected Hemosure's contention the arbitrator "exceeded his authority because his award was not 'reasoned.'" As to the applicability of the Act, the court explained that the arbitrator, by awarding treble damages under the Act, "necessarily rejected Hemosure's arguments against [the Act's] application."

Hemosure timely appealed.

## DISCUSSION

A. *Governing Law and Standard of Review*

"California law favors alternative dispute resolution as a viable means of resolving legal conflicts. 'Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration.' [Citation.] Generally, courts cannot review arbitration awards for errors of fact or law, even when those errors appear on the face of the award or cause substantial injustice to the parties." (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916; accord, *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 380; *Branches Neighborhood Corp. v. CalAtlantic Group, Inc.* (2018) 26 Cal.App.5th 743, 750-751 ["'Because the finality of arbitration awards is rooted in the parties' agreement to bypass the judicial system, ordinarily "'[t]he merits of the controversy between the parties are not subject to judicial review.'"'"].)

"The exclusive grounds for vacating an arbitration award are provided in Code of Civil Procedure section 1286.2." (*Soni v. SimpleLayers, Inc.* (2019) 42 Cal.App.5th 1071, 1085; see

*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28 ["we adhere to the . . . line of cases that limit judicial review of private arbitration awards to those cases in which there exists a statutory ground to vacate or correct the award"].) As relevant here, Code of Civil Procedure section 1286.2, subdivision (a)(4),[2] provides that "the court shall vacate the award if the court determines" that "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."

In determining whether the arbitrators exceeded their powers within the meaning of the section 1286.2, subdivision (a)(4), we give "substantial deference to the arbitrators' own assessments of their contractual authority . . . ." (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 373.) Whether the arbitrator exceeded his or her powers is a legal question we review de novo. (*Richey v. AutoNation, Inc.*, *supra*, 60 Cal.4th at p. 918, fn. 1; *Branches Neighborhood Corp. v. CalAtlantic Group, Inc.*, *supra*, 60 Cal.4th at p. 751.)

B.     *Hemosure Was Entitled to a Reasoned Award*

Med Tech contends Hemosure was not entitled to a reasoned award under the AAA Commercial Arbitration Rules, R-46(b) (Rule R-46(b)) because Hemosure failed to request a reasoned award prior to the appointment of the arbitrator, and thus, its request was not timely. This contention lacks merit.

As Med Tech points out, Rule R-46(b) provides, "The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to the appointment of the

---

[2]     Further undesignated statutory references are to the Code of Civil Procedure.

6

arbitrator or unless the arbitrator determines that a reasoned award is appropriate." However, Med Tech ignores Rule R-1(a) of the AAA Commercial Arbitration Rules, which allows the parties to modify the arbitration procedures by agreement with the consent of the arbitrator. Rule R-1(a) provides, "[T]he parties, by written agreement, may vary the procedures set forth in these rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator." The arbitrator's March 23, 2018 scheduling order stated the order was made "[b]y agreement of the parties and Order of the Arbitrator," and "[t]he parties have requested a reasoned award." Because the parties agreed to extend the deadline to request a reasoned award and the arbitrator consented to this modification of the procedural rules, the parties' request was timely. (See *Cat Charter, LLC v. Schurtenberger* (11th Cir. 2011) 646 F.3d 836, 840, fn. 6 (*Cat Charter*) [arbitrators' scheduling order stating "'[t]he form of the award also will be determined by agreement of the parties'" was "sufficient 'consent' within the meaning of Arbitration Rule R-1(a)" to allow the parties to "validly alter[] the procedures to require a reasoned award when they subsequently communicated with the [arbitrators]"]; see also *Leeward Constr. Co. v. Am. Univ. of Antigua-College of Med.* (2d Cir. 2016) 826 F.3d 634, 638 (*Leeward Construction*) ["once the arbitrators stated in the preliminary hearing order that they would provide a reasoned award and neither party objected, a reasoned award was required"].) Thus, the arbitrator was obligated to issue a reasoned award based on the parties' timely request.

C.     *The Arbitrator Did Not Exceed His Powers*

The AAA Commercial Arbitration Rules do not specify what constitutes "a reasoned award." Hemosure contends a reasoned award requires findings of fact and conclusions of law pursuant to the standard articulated in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 107. In *Armendariz*, the Supreme Court held that "an arbitrator in a FEHA[3] case must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." (*Armendariz*, at p. 107; accord, *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 679.) *Armendariz* does not assist Hemosure because the Supreme Court limited its holding to statutory FEHA claims and did not address the required findings for an award in an arbitration of a contract dispute between two companies.

Because no California court has defined a reasoned award under the AAA Commercial Arbitration Rules, we look to federal and other state courts for guidance. The Eleventh Circuit Court of Appeals in *Cat Charter, supra*, 646 F.3d at page 844 observed as to a reasoned award under the AAA, "Generally, an arbitrator need not explain her decision; thus, in a typical arbitration where no specific form of award is requested, arbitrators may provide a 'standard award' and simply announce a result." (Quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.* (1996) 363 U.S. 593, 598.) The *Cat Charter* court explained, "[T]he varying forms of awards may be considered along a 'spectrum of increasingly reasoned awards,' with a 'standard award' requiring the least explanation and 'findings of fact and conclusions of law'

---

[3]     California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.).

8

requiring the most. [Citation.] In this light, therefore, a 'reasoned award is something short of findings and conclusions but more than a simple result.'" (*Cat Charter*, at p. 844.) The court relied on the dictionary definition of the term "reasoned" (as "'based on or marked by reasoning'" and "'provided with or marked by the detailed listing or mention of reasons'") to conclude a reasoned award is one "provided with or marked by the detailed listing or mention of . . . statements offered as a justification of an act—the 'act' here being, of course, the decision of the [arbitrators]." (*Ibid.*, quoting Webster's 3d New Internat. Dict. (1993) p. 1892.)

In *Cat Charter*, a panel of three arbitrators (the Panel) issued a unanimous arbitration award finding the plaintiffs had proven their claims arising from their payment of $2 million for a yacht that was never delivered, prevailing on their claims for unfair trade practices and breach of contract "by the greater weight of the evidence." (*Cat Charter, supra*, 646 F.3d at pp. 840-841.) The Eleventh Circuit found this constituted a reasoned award because the controversy turned on the Panel's credibility determinations.[4] (*Id.* at p. 844.) The court explained, "The statement that "[o]n the claim of the [Plaintiffs] . . . for breach of contract . . . we find that [Plaintiff] . . . has proven its claim

---

[4]     The Eleventh Circuit in *Cat Charter* considered whether the district court properly vacated the arbitration award under section 10(a)(4) of the Federal Arbitration Act (9 U.S.C. § 10), which provides for vacatur where "the arbitrators exceeded their powers." (*Cat Charter, supra*, 646 F.3d at p. 842; see *Leeward Construction, supra*, 826 F.3d at p. 638.) Although we review the arbitration award under section 1286.2, subdivision (a)(4), it similarly provides for vacatur where "[t]he arbitrators exceeded their powers."

against [Defendant] by the greater weight of the evidence" is easily understood to mean that, in the swearing match between the Plaintiffs and the Defendants, the Panel found the Plaintiffs' witnesses to be more credible." (*Id.* at pp. 844-845.) The court noted the Panel "could have provided more," but had the parties wanted a more detailed explanation, they should have requested the Panel provide findings of fact and conclusions of law. (*Id.* at p. 845.)

The Second Circuit Court of Appeals in *Leeward Construction, supra*, 826 F.3d at page 640 agreed with *Cat Charter*, explaining, "[A] reasoned award is something more than a line or two of unexplained conclusions, but something less than full findings of fact and conclusions of law on each issue raised before the panel. A reasoned award sets forth the basic reasoning of the arbitral panel on the central issue or issues raised before it. It need not delve into every argument made by the parties." The court considered whether an arbitration award that awarded separate amounts of damages for work performed by petitioner under the parties' construction contract and work not specified by the contract was a reasoned award where the award found the parties had waived the requirement for formal change orders and the amounts awarded were based on the "'evidence presented at trial.'" (*Id.* at p. 637.) The Second Circuit held the arbitration award was a reasoned award because "while it does not provide a detailed rationale for each and every line of damages awarded, it does set forth the relevant facts, as well as the key factual findings supporting its conclusions." (*Id.* at p. 640; see *Rain CII Carbon, LLC v. ConocoPhillips Co.* (5th Cir. 2012) 674 F.3d 469, 474 (*Rain*) [arbitration award resolving dispute over price formula under long-term supply agreement

10

was reasoned award because "the arbitrator laid out the facts, described the contentions of the parties, and decided which of the two proposals should prevail"].)

We agree with *Cat Charter*, *Leeward Construction*, and *Rain* that, as articulated by *Leeward Construction*, a reasoned award must set forth the basic reasoning of the arbitrator on the central issues, but it does not need to "delve into" every argument raised by the parties or provide findings of fact and conclusions of law on each issue raised in the arbitration. (*Leeward Construction, supra*, 826 F.3d at p. 640; see *Rain, supra*, 674 F.3d at p. 474; *Cat Charter, supra*, 646 F.3d at p. 844.)

In its closing brief in the arbitration, Hemosure argued that the witness testimony and exhibits showed that Med Tech was not following up on leads and taking the necessary steps to sell Hemosure's products. Hemosure pointed to an investigation it launched in February 2016 into Med Tech's performance and Hemosure's conclusion based on that investigation that Med Tech had not been performing under the contract. According to Hemosure, it terminated its contract with Med Tech and refused to pay commissions for January and February 2017 because of this poor performance that resulted in a loss of sales to Hemosure. The arbitrator rejected Hemosure's defense, finding it was based on Med Tech's asserted poor performance on a prior agreement. The arbitrator explained in the arbitration award that Hemosure's "novel defense that it can withhold [Med Tech's] commissions because it decided after entering into a new contract with [Med Tech] that [Med Tech's] performance under the parties' prior agreement was not satisfactory is not persuasive and must fail." Further, the arbitrator explained his finding that Hemosure had acted willfully, justifying treble damages under

11

the Act, citing Dr. Wan's statement, "I'm not going to fucking pay those guys." The arbitrator's explanations are sufficient for a reasoned award. Whether the arbitrator provided a reasoned award as to Hemosure's legal arguments that the Act did not apply to Med Tech is a closer call. By awarding treble damages under the Act, the arbitrator impliedly found the Act applied to Med Tech, rejecting Hemosure's arguments that Med Tech was not a "person" or a "'wholesale sales representative'" and did not "solicit[]" wholesale orders, as required for the Act to apply. Further, in concluding the treble damages provision under the Act was "trigger[ed]," the arbitration award noted the issue had been "briefed thoroughly and persuasively by [Med Tech's] counsel." A reasoned award, unlike more detailed findings of fact and conclusions of law, need not go into detail as to every argument raised by the parties. (*Leeward Construction, supra*, 826 F.3d at p. 640.) Further, we cannot tell from the record on appeal whether the issues raised by Hemosure in its closing brief on the applicability of the Act were central issues in the arbitration. Hemosure has failed to include in the appellate record any briefing by Med Tech or the transcript of the arbitration hearing. The "appellant 'has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Blue Mountain Enterprises, LLC. v. Owen* (2022) 74 Cal.App.5th 537, 557; accord, *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141 ["'Because [the appellant] failed to furnish an adequate record of the attorney fee proceedings, [the appellant's] claim must be resolved against [him].'"].)

The Fifth Circuit's decision in *Rain, supra*, 674 F.3d 469 is on point. There, the Court of Appeals found an arbitration award

that articulated and then rejected a party's proposal for a price formula but did not provide a further explanation, was a reasoned award. The Fifth Circuit explained rejection of the award would be "inconsistent with the deference owed to arbitral awards and the congressional policy favoring arbitration of commercial disputes, and is also contrary to the interest of finality." (*Id.*, at p. 474.) We likewise conclude the arbitrator's consideration and rejection of Hemosure's legal arguments as to why the Act did not apply were sufficient for a reasoned award.

*Stage Stores, Inc. v. Gunnerson* (Tex.Ct.App. 2015) 477 S.W.3d 848, 860, relied on by Hemosure, is not to the contrary. There, the Texas Court of Appeals applied the standard for a reasoned award under *Cat Charter* and *Rain* and concluded the arbitration award was not a reasoned award because the arbitrator "failed to address one of [the employer's] key defenses: that [the employee] failed to provide the requisite notice and opportunity to cure in order to avail himself of the good-cause termination provision." (*Ibid.*) Further, although the arbitration award provided reasoning as to its other conclusions, the failure to identify or address one of the employer's three defenses required vacatur. (*Id.* at p. 863.) In contrast to *Stage Stores*, the arbitration award made clear the arbitrator considered but rejected Hemosure's arguments that the Act did not apply. Although certainly the better practice would have been for the arbitrator to provide his analysis of why the Act applied, in light of the deference we give to arbitration awards, we affirm the trial court's order confirming the award.

13

## DISPOSITION

We affirm the judgment. Med Tech is entitled to recover its costs on appeal.

FEUER, J.

We concur:

SEGAL, Acting P. J.

WISE, J.*

---

\*     Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14